Toni LAUDERDALE,
Claimant/Appellant,

v.

**STIVERS TEMPORARY PERSONNEL, INC. and Division of Employment Security, Respondents.**

No. ED 75909.

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 25, 2000.

Clifford Schwartz, Clayton, Stephen P. Ahlheim, St. Charles, for appellant.

Larry R. Ruhmann, St. Louis, for respondents.

LAWRENCE G. CRAHAN, Judge.

Toni Lauderdale ("Claimant") appeals the decision of the Labor and Industrial Relations Commission ("Commission") finding her ineligible for unemployment benefits and waiting week credit for the period of July 5, 1998 through September 19, 1998. We reverse and remand.

Claimant was employed by Stivers Temporary Agency ("Stivers") for placement with other firms as a temporary clerical

worker from October 22, 1997 through January 23, 1998. On that date, Stivers' client, Kirkwood Excavating Company ("Kirkwood"), offered Claimant permanent employment which she accepted. On July 5, 1998 that employment was terminated. The following day, Claimant called Stivers to inform them she was no longer employed at Kirkwood and was available for work. She also filed for unemployment benefits.

On July 27, 1998, a Deputy for the Division of Unemployment Security ("Division") issued a determination that Claimant was eligible for benefits beginning July 5, 1998, finding that she was available for work. Stivers filed an appeal of the Deputy's determination [1] and a hearing was scheduled for 12:30 p.m. on September 25, 1998.

Although notice of the hearing was mailed to Stivers and to Claimant, Claimant was not certain whether she received it just prior to or after the scheduled hearing date. Claimant did not appear at the hearing but a representative of Stivers, Ms. Naeger, did. Ms. Naeger testified that Stivers had offered Claimant a temporary position at the Special School District. Claimant had accepted the position and had begun working at the Special School District on September 24, 1998, the day before the hearing. Nevertheless, Ms. Naeger urged on behalf of Stivers that Claimant should be found not to have been available for work because she had not kept her appointment to come in and update her paperwork.

On October 2, 1998, the Appeals Referee issued a decision reversing the Deputy and holding that Claimant was ineligible for

---

1. The Deputy's determination incorrectly listed Stivers rather than Kirkwood as Claimant's employer. Stivers' notice of appeal claimed benefits should not be allowed because Claimant had voluntarily left employment with Stivers to accept other employment. A form submitted on Stivers' behalf by The Frick Company stated that Claimant had notified Stivers that she was available for

work but she had failed to keep an appointment to update her paperwork. The issue of who was the proper employer to be notified was not pursued by the Commission. It is undisputed, however, that Stivers had standing to appeal because it had been Claimant's employer within the four quarters preceding her claim. Sections 288.030.1(2) and 288.070.1 RSMo Supp.1996.

waiting week credit or benefits for the period of July 5, 1998 through September 19, 1998. The basis for the decision was that Claimant had failed to offer evidence establishing her availability for work, which it was her burden to establish. *Fly v. Industrial Commission*, 359 S.W.2d 481 (Mo.App.1962).

Upon receiving notice of this decision, Claimant promptly requested reconsideration pursuant to section 288.190 RSMo Supp.1998. The Appeals Tribunal granted Claimant's request, set aside its prior decision, and reset the matter for a hearing to consider whether Claimant had "good cause" for failing to appear at the September 25th hearing and to take additional evidence as to Claimant's availability for work.

At the subsequent hearing, Claimant testified she had been having trouble with her mail and, although she did receive notice of the hearing, she could not recall when she received it, either relative to the hearing date or to her acceptance of the job at the Special School District. She did not attend the hearing because she had just started her new job. She thought the whole point of the inquiry was about her availability for work and that her acceptance of employment had resolved the issue. Although the notice of hearing did contain an address and telephone number to write or call about "appeal inquiries," she did not realize she could have reached the Appeals Referee by calling that number. She said she did write a letter.

With respect to her availability for work, Claimant testified that the Deputy she was dealing with at the Division had instructed her she should contact at least three prospective employers each week and that she had done so. Although she indicated she had documentation of her job search efforts with her, the Appeals Referee made

no effort to make them part of the record. Claimant also testified that she met with the Division's deputies every time she was supposed to, entered into the worker reentry program and used the Division's job resource center.[2] Claimant testified that she had received one offer of temporary employment through Stivers about three weeks before the offer of the Special School District job but she rejected that position because it was more than forty miles from her home. As for her alleged failure to keep her appointment at Stivers to update her paperwork, Claimant testified that she was unable to attend because her father had suffered a heart attack. She said she had left a message on Stivers' answering machine.

Ms. Naeger testified to the same matters she had at the earlier hearing. Further, Ms. Naeger agreed that she knew Claimant was at work on the date of the earlier hearing because Stivers had arranged for Claimant's employment at the Special School District, which began the day before the hearing. She had so informed the Appeals Referee at the earlier hearing. Ms. Naeger further stated she could not say that Claimant had not left a message on the answering machine, only that she had not received such a message.

On November 18, 1998, the Appeals Referee rendered a new decision reinstating the initial decision on the ground that Claimant had failed to show good cause for her failure to appear and participate in the earlier hearing. The Appeals Referee found that Claimant did not appear because she had just started a new job on the day before the hearing was to be held. According to the Appeals Referee, a reasonable person in her position would have telephoned the Appeals Tribunal in advance of the hearing to request a postponement or to seek some other accommo-

---

**2.** It seems reasonable to assume that the Division would maintain records of some or all of these activities. If it does, such records would clearly be material and section 288.190.2 RSMo 1994 would require that the Appeals Tribunal include them in the record and consider them as evidence in reaching its decision. The record on appeal contains no indication that this occurred.

dation to protect her right to participate in the process. Because Claimant failed to take such steps, she was deemed to have acted in bad faith and therefore not to have shown good cause.

Claimant appealed this determination to the Commission, which adopted the decision of the Appeals Referee by a 2–1 vote. This appeal followed.

■ Section 288.210 RSMo Supp.1998 governs appellate review of decisions of the Commission. It provides:

Upon appeal no additional evidence shall be heard. The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

On review, this court determines whether the Commission, based upon the whole record, could have reasonably made its findings and reached its result. *LaPlante v. Indus. Comm'n*, 367 S.W.2d 24, 27 (Mo. App.1963). This court must consider the evidence in the light most favorable to the findings and decision of the Commission and all reasonable inferences therefrom and must disregard all unfavorable evidence. *Neeley v. Indus. Comm'n of Missouri*, 379 S.W.2d 201, 204 (Mo.App.1964).

The Commission's decision in this case was based on 8 CSR 10, which provides in pertinent part:

10–5.040 Orders of an Appeals Tribunal

(2) Failure to Appear.

(A) Failure of the appellant to appear at the hearing shall constitute grounds for dismissal of the appeal by a written order.

(B) Upon written request of the appellant, or upon its own motion, an appeals tribunal, upon a prima facie showing of good cause, may set aside an order of dismissal and have the appeal reset for hearing if the request and set aside occur within thirty (30) days of the dismissal.

(C) A threshold issue to be decided at the hearing held to consider a dismissed appeal shall be whether the appellant had good cause for failing to appear for the prior setting. The merits of the appeal also may be heard. If good cause is not found, the appeals tribunal shall reinstate the order of dismissal. If good cause is found, the appeals tribunal also shall rule on the merits of the appeal.

. . . .

(E) These procedures also shall apply to any case where an interested party, who is not the appellant, fails to appear for a hearing and the resulting decision is adverse to that party's interests.

. . . .

(4) For the purposes . . . of this chapter, good cause shall be only those circumstances which are completely beyond the reasonable control of the party and then only if that party acts as soon as practical under the circumstances.

In her first point, Claimant urges that the Commission erred in finding that Claimant failed to demonstrate good cause for her failure to appear at the September 25, 1998 hearing because her failure to attend was due to circumstances beyond her control and she acted as soon as practical under the circumstances after learning that the hearing had taken place without her. We agree.

It is certainly anomalous to hold, as the Commission implicitly does, that starting a new job is not a good reason for missing a hearing about whether the Claimant is available for work. It is even more anomalous when the new job was arranged by the very employer who requested the hearing. Because Stivers was in the business of providing temporary workers to its clients, Claimant's attendance at her new job instead of attending the hearing thus advanced Stivers' own economic interests even as Stivers' employee appeared and contested Claimant's availability for work.

The focus of the Referee's decision was not on whether Claimant had a good reason for missing the hearing. Rather, the Appeals Referee focused on whether Claimant had shown a good reason for failing to telephone in advance to inform the Appeals Tribunal she would not attend. By its terms, however, the applicability of 8 CSR 10 to Claimant could only have been determined after the initial referee's decision was issued. Claimant was not the appellant, Stivers was. Thus, the only provision arguably applicable to her was 8 CSR 10–5.040(2)(E). Claimant was an "interested party" who failed to appear and received an adverse decision.[3] She filed her request for reconsideration as soon as practical after she learned that the hearing had been held in her absence and an adverse decision issued.

Claimant further points out that the test of "good faith" applied by the Appeals Referee does not appear anywhere in the rule. The Commission suggests that this is justified by *Pharmflex, Inc. v. Division of Employment Security*, 964 S.W.2d 825, 827 (Mo.App.1997), which found 8 CSR 10–5.040(4) to be invalid as applied to section 288.130.4 RSMo 1994 because it was more restrictive than the common law standard of "good faith and reasonableness under all the circumstances." Assuming, without deciding, that this standard may properly be applied under these circumstances, we find that the Commission's finding of bad faith is not supported by the record.

■ It is not at all clear that a reasonable person in Claimant's position would have realized that the hearing would proceed without her if she failed to call. She had found employment and may well have assumed the issue was moot. The hearing had been requested by the employer that arranged for the new job and thus knew full well that she would be unable to attend. Claimant could therefore reasonably assume that if Stivers still wanted a hearing, Stivers, not Claimant, would arrange a postponement to a date when she could take off work without inconveniencing Stivers' client for whom she was working. Nothing in the record in anyway justifies a finding that Claimant was contumaciously impeding the process.[4] Accordingly, we hold that the Commission's finding that Claimant lacked good cause for failing to notify the Commission of her inability to attend the hearing is not supported by substantial evidence and must be reversed.

■ Because the Commission did not reach the issue of whether Claimant was available for work, we must remand the case to the Commission for further consideration and such further proceedings as the Commission deems necessary. We note, however, that the record before the Commission may not be complete. *See* note 2, *supra.* If the Division has any records material to a determination of what efforts Claimant was making to find work during the relevant period, they must be included in the record and considered as evidence. We further note that Stivers' evidence that Claimant failed to keep her

---

3. It is not entirely clear which of "these procedures" apply to Claimant, inasmuch as the "procedures" appear to pertain to dismissals. Stiver's appeal was not dismissed, it was sustained.

4. Although we need not decide the issue in this case, we note that there is reason to question whether 8 CSR 10–5.040(2)(E) can properly bar an appeal by a party other than an appellant who fails to appear at the hearing.

initial appointment to update her records at Stivers will not, standing alone, support a finding that she was unavailable for work. Stivers offered no evidence that Claimant unreasonably rejected any offers of employment and the failure to update the paperwork obviously did not prevent Stivers from offering her employment at the Special School District, which she accepted. Claimant was under no obligation to continue to seek and accept temporary jobs from Stivers and testified that her job search efforts had focused on finding permanent employment with comparable pay and duties within a 25 mile radius of her home. If her testimony and records and/or the Division's records establish that she did perform such a job search with the frequency directed by the Deputy, it would be irrelevant whether she updated her paperwork with Stivers.

The Commission's decision is reversed and the cause is remanded for further proceedings consistent with this opinion.

MARY RHODES RUSSELL, C.J., CHARLES B. BLACKMAR, Senior Judge, concur.