# IN THE SUPREME COURT OF TEXAS

══════════
NO. 10-0158
══════════

IN RE SERVICE CORPORATION INTERNATIONAL AND SCI
TEXAS FUNERAL SERVICES, INC., JOINTLY D/B/A MONT META
MEMORIAL GARDENS

═══════════════════════════════
ON PETITION FOR WRIT OF MANDAMUS
═══════════════════════════════

**PER CURIAM**

Norma Sandoval and her sister, Nora Martinez, jointly filed suit against Service Corporation International (SCI) alleging fraud, deceptive trade practices, and other tort claims arising from their respective interment rights and services contracts for family burial plots at Mont Meta Memorial Park.[1]  The parties agree the dispute was required to be arbitrated pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16.  The contracts that Sandoval and Martinez signed both included arbitration clauses, albeit with different contractual methods for appointing the arbitrators. Martinez's contract allowed the court to appoint an arbitrator, while Sandoval's contract required the American Arbitration Association (AAA) to appoint the arbitrator if the parties could not reach

---

[1]  SCI's briefing before this Court alternately provides its d/b/a name as "Mont Meta Memorial Gardens" and "Mont Meta Memorial Park."  The certified mandamus record consistently refers to SCI's d/b/a name as "Mont Meta Memorial Park."

a mutual agreement.[2] Due to the differing contract terms, the trial judge severed the cases and then appointed arbitrator David Calvillo for Martinez's case. Sandoval asked the court to appoint an arbitrator in her case as well. Over the objection of SCI, the trial court also appointed David Calvillo to arbitrate Sandoval's case. SCI unsuccessfully sought a writ of mandamus from the court of appeals. In this Court, SCI requests that we issue a writ of mandamus directing the trial court to vacate its order naming David Calvillo as arbitrator.

The disputed issue is whether SCI allowed a lapse or mechanical breakdown in the contractual process for selection of an arbitrator, thereby validating the trial court's intervention to appoint the arbitrator. After suit was filed, SCI moved to compel arbitration. Sandoval acknowledges that at the October 5, 2009 hearing on the motion, SCI insisted on its right to seek AAA appointment of an arbitrator after the parties could not agree. Sandoval argues that SCI refused to initiate AAA procedures for appointment of an arbitrator because it claimed that Sandoval had the duty to do so. According to SCI, because the parties contracted to be governed by AAA rules, the burden of approaching the AAA rests on Sandoval, as she is the party seeking relief. Over SCI's objections, the trial court appointed Calvillo as the arbitrator from the bench on December 3, 2009. The trial court signed an order to that effect on January 11, 2010.

---

[2] As in *In re Service Corp. International & SCI Tex. Funeral Services, Inc. d/b/a Magic Valley Memorial Gardens*, __ S.W.3d __ (Tex. 2011), the arbitration agreement in Sandoval's contract is governed by the Federal Arbitration Act. *See* 9 U.S.C. §§ 1–16. The relevant portion of the arbitration provision in Sandoval's contract provides:

> The arbitrator shall be selected by mutual agreement of the parties. If the parties fail to or are unable to agree on the selection of an appropriate arbitrator, the AAA shall select the arbitrator pursuant to its rules and procedures upon the application of one or both parties.

2

SCI asserts that the trial court's appointment of an arbitrator interfered with the contractual rights of the parties and was not authorized by the Federal Arbitration Act. Without reaching the parties' arguments as to which party or parties have the burden of approaching the AAA to appoint an arbitrator, we agree with SCI that the trial court's appointment was an abuse of discretion from which there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). In a related case also decided today, *In re Service Corp. International & SCI Tex. Funeral Services, Inc. d/b/a Magic Valley Memorial Gardens*, we analyzed an identical arbitration provision. __ S.W.3d __ (Tex. 2011). Following the rationale in *Magic Valley Memorial Gardens*, we conclude the trial court abused its discretion by appointing an arbitrator instead of following the agreed-upon method of selection outlined in the contract. As a matter of law, the two-month delay in the selection of an arbitrator in this case, by itself, does not establish a lapse or failure of the parties to avail themselves of the contractual selection method. *See* 9 U.S.C. § 5; *Magic Valley Memorial Gardens,* __ S.W.3d __ (Tex. 2011). Accordingly, without hearing oral argument, we conditionally grant SCI's petition for writ of mandamus and direct the trial court to vacate its prior order appointing David Calvillo as arbitrator. TEX. R. APP. P. 59.1, 52.8(c). We are confident the trial court will comply, and the writ will issue only if it fails to do so.

OPINION DELIVERED: December 16, 2011