

# NUMBER 13-11-00598-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE DIRECTORY ASSISTANTS, INC.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Vela, and Perkes
### Memorandum Opinion by Justice Rodriguez[1]

Relator, Directory Assistants, Inc. ("Directory Assistants"), filed a petition for writ of mandamus in the above cause on September 26, 2011, contending that the trial court "abused its discretion by appointing an arbitrator in contravention to the Rule 11 agreement entered into between the parties." Directory Assistants thus seeks to set aside the order appointing the Honorable Veronica Gonzales as arbitrator. We

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

conclude that Directory Assistants failed to avail itself of the agreed-upon method for selecting an arbitrator, and thus the trial court did not abuse its discretion in appointing an arbitrator. We deny the petition for writ of mandamus.

## I. BACKGROUND

Real party in interest, Rio Grande Plumbing, Inc. ("Rio Grande"), entered into a "Consulting Contract" with Directory Assistants whereby Directory Assistants provided consulting services to Rio Grande concerning methods by which Rio Grande could save on advertising costs. This contract contained an arbitration agreement[2]:

HOW WE RESOLVE DISPUTES:

Should a dispute arise, we both agree to try to resolve it with the other party. If we cannot, we both want to resolve it quickly, cost[-]effectively[,] and informally. To achieve that, we both agree to resolve any dispute arising out of or relating to this contract through confidential binding arbitration and agree to try to mutually choose the arbitration service, the location[,] and which state's law will govern. If we are unable to come to a mutual agreement, or if one of us refuses to participate in choosing, the party filing the demand will have the right to make the choices unilaterally, as long as the filing party has made a good faith attempt to come to a mutual agreement. The non-filing party expressly consents to and waives any and all objections to the choices made.

After Directory Assistants allegedly performed its obligations under the contract and presented its bill to Rio Grande, Rio Grande attempted to cancel the contract and

---

[2] We express no opinion herein regarding the validity of this arbitration agreement insofar as it appears to allow the unilateral selection of an arbitrator by one party to the agreement. *See, e.g., Lawson v. Archer*, 267 S.W.3d 376, 383–384 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (discussing *McMullen v. Meijer, Inc.*, 355 F.3d 485, 488, 493–94 (6th Cir. 2004) (holding arbitrator selection provision unfair and unenforceable when provision granted employer unilateral control over pool of at least five arbitrators from which employer and employee would then mutually select one); *Floss v. Ryan's Family Steak Houses, Inc.*, 211 F.3d 306, 314 (6th Cir. 2000) (stating arbitral forum fundamentally unfair when third-party arbitration services provider hired by employer—and arguably biased for that reason—had discretion to select pool of potential arbitrators); *Hooters of Am., Inc. v. Phillips*, 173 F.3d 933, 938-39 (4th Cir. 1999) (observing arbitration rules provided mechanism crafted to ensure biased decision-maker when employer selected one of three arbitrators and also created list from which employee's arbitrator and third arbitrator were to be selected)).

2

refused to pay on grounds that Directory Assistants breached the contract and was guilty of fraud, negligence, and negligent misrepresentation.

On Tuesday, November 17, 2009, by email, a representative of Directory Assistants asked Rio Grande about its arbitration choices under the contract:

> Please let us know what arbitration service you feel would be equitable to use, what location would be equitable to conduct the arbitration[,] and what State's law should govern this matter. Please let me know this information on or before November 20th, 2009. If you elect not to respond, we will make the choices pursuant to the contract.

Rio Grande did not answer these inquiries.

On November 23, 2009, Directory Assistants submitted a "Demand for Arbitration" with the American Dispute Resolution Center, Inc. Rio Grande responded by filing suit against Directory Assistants in the County Court at Law Number One of Hidalgo County, Texas, and requesting a temporary restraining order to halt the pending arbitration.[3] The trial court granted Rio Grande's request for a temporary restraining order. Directory Assistants then moved to compel arbitration. After a hearing, the trial court denied Directory Assistant's motion to compel arbitration. By order signed on April 22, 2010, the trial court ordered the parties to mediation within sixty days with Robert Smith serving as mediator.

Directory Assistants subsequently filed a petition for writ of mandamus with this Court seeking to enforce the arbitration agreement in the contract. *See In re Directory Assistants, Inc.*, No. 13-10-00271-CV, 2010 Tex. App. LEXIS 6923, at *1 (Tex. App.—Corpus Christi Aug. 24, 2010, orig. proceeding) (mem. op. per curiam). Before the Court reached the merits of the proceeding, however, on June 21, 2010 the parties

---

[3] The respondent in this original proceeding is the Honorable Rudolfo Gonzalez, Judge of the County Court at Law Number One of Hidalgo County, Texas.

entered into a written agreement regarding arbitration which provides, in relevant part, as follows:

1.  The parties agree that the dispute resolution provision of the Consulting Contract between the parties entitled "How We Resolve Disputes" is valid and enforceable, and [Rio Grande] waives any and all claims related to the validity and/or enforceability thereof.

2.  The parties agree to submit all claims and causes of action arising out of the contract and facts made the basis of the above-referenced lawsuit to binding arbitration with Robert Smith, a licensed Texas attorney previously appointed by the Court to conduct mediation. The arbitration shall be conducted in 1/2 day (not to exceed 5 hours) only at a mutually agreeable date and time within the next 90 days, and all parties, their counsel and/or witnesses will attend via videoconference;

3.  The Arbitrator, Robert Smith, shall conduct an initial teleconference with counsel within 2 weeks of the date of this Rule 11 agreement to understand the nature of the dispute, discuss any procedures and rules, discovery requests, etc. pursuant to the dispute resolution procedures set forth in the Consulting Contract, and set the date for the arbitration at a mutually agreeable date and time;

4.  The Arbitrator shall apply Texas law to the substance of the dispute;

5.  [Rio Grande] agrees to pay all arbitration costs with Mr. Smith up to and not to exceed $2[,]000, based upon Mr. Smith's agreement to charge $900/party for a 1/2 day arbitration hearing (not to exceed 5 hours) plus a small admin[istrative] fee of $200. The arbitration fees shall include the initial conference, any pre-arbitration research by Mr. Smith, the 1/2 day arbitration (not to exceed 5 hours) hearing, and post-hearing research, and the written arbitration award. If there are any charges beyond $2[,]000, the parties will split the amount evenly. All arbitration costs [are] to be taxed as "costs", and shall be awarded to the prevailing party as designated and/or ordered by Mr. Smith, to the extent the prevailing party has incurred such costs. In the event [Directory Assistants] is ruled to be the prevailing party and given a monetary award by Mr. Smith, $800 of the arbitration costs paid by [Rio Grande] will be credited towards the award to [Directory Assistants]. In the event that [Rio Grande] is awarded any monetary amount by Mr. Smith in any arbitration award, the award shall include all arbitration fees paid by [Rio Grande];

6.     [Directory Assistants] shall immediately dismiss and/or withdraw its appeal of the Court's Order currently pending with the 13th Court of Appeals, and shall further dismiss its demand for arbitration with the American Dispute Resolution Center; and

7.     The parties agree to abate the above-referenced civil case currently pending in Hidalgo County Court at Law No. 1 until the arbitration is concluded, and shall not seek any further relief in the County Court except so as to enforce and/or appeal the arbitration award.

This agreement is made without waiver of any substantive right or defense provided by the Consulting Contract, including, but not limited to the prevailing party's right to recover attorneys' fees pursuant to the Consulting Contract. This agreement is further made without waiver of Rio Grande Plumbing's defense that conditions precedent to arbitration were not met.

The letter agreement was expressly intended to serve as a Rule 11 agreement under the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 11 (providing generally that agreements between attorneys or parties regarding pending suits will not be enforced unless "in writing, signed and filed with the papers as part of the record," or unless "made in open court and entered of record"). In accordance with the Rule 11 Agreement, Directory Assistants voluntarily dismissed its petition for writ of mandamus. *See In re Directory Assistants, Inc.*, 2010 Tex. App. LEXIS 6923, at *1. However, according to the parties' pleadings, Smith subsequently "indicated to the parties that he [was] unable to arbitrate this matter" and recused himself from serving as arbitrator.

On June 3, 2011, Rio Grande then sought relief from the trial court by a motion entitled "Plaintiff's Motion to Reconsider and/or Modify Order Denying Motion to Compel Arbitration, or Alternatively, to Appoint Mediator/Arbitrator." Through this motion, Rio Grande sought to have the trial court either order the parties to mediation or withdraw its

5

ruling denying the motion to compel arbitration and appoint an arbitrator to hear the dispute.

Directory Assistants filed a response to Rio Grande's Motion and, by a motion contained in its response, sought enforcement of the parties' Rule 11 Agreement. This response and motion for enforcement references various attempts between the parties to select an arbitrator and a location for arbitration.[4]

According to the response, Directory Assistants agreed with Rio Grande insofar as it asserted that the dispute should be submitted to arbitration. However, Directory Assistants further requested the trial court to enforce the Rule 11 Agreement: "to the extent [Rio Grande] requests that the Court appoint an arbitrator to consider the claims at issue in this dispute, [Directory Assistants] argues that any arbitration should be had pursuant to the terms of the Rule 11 Agreement between the parties." Directory Assistants' motion prayed for the following relief:

> [Directory Assistants] moves the Court for an Order Granting [its] Motion to Enforce Rule 11 Agreement and finding that:
>
> (1) On June 21, 2010, [Rio Grande] and [Directory Assistants] reached an agreement pursuant to Texas Rule of Civil Procedure 11 (the "Rule 11 Agreement"); (2) On June 18, 2011, the Rule 11 Agreement was filed with the Court; (3) The Rule 11 Agreement is valid and enforceable; (4) This matter is subject to arbitration pursuant to the Rule 11 Agreement; (5) [Rio Grande] waived any argument that the dispute resolution provision of the Consulting Contract at issue in this dispute is invalid or unenforceable pursuant to the Rule 11 Agreement; (6) [Rio Grande] agreed that any arbitration will take place in Dallas, Texas; (7) [Rio Grande] agreed to pay all arbitration costs up to $2,000 pursuant to the Rule 11 Agreement, provided that those costs would be recovered by [Rio Grande] if [Rio Grande] prevails at the arbitration, and further ordering the parties to submit to arbitration in accordance with the Court's findings.

---

[4] We note that the response and motion asserts that the parties had agreed that arbitration take place in Dallas, Texas; however, the Rule 11 Agreement before this Court contains no such provision.

6

Further, to the extent [Rio Grande] asks the Court to appoint a mediator, [Directory Assistants] requests that [Rio Grande's] motion be DENIED.

Further, to the extent [Rio Grande] asks the Court to appoint an arbitrator, [Directory Assistants] requests that an arbitrator be appointed in Dallas, Texas, consistent with the letter and spirit of the parties' Rule 11 Agreement, and that the arbitration be completed within forty-five (45) days of the Court's ruling.

Finally, [Directory Assistants] requests that it be awarded its reasonable attorneys' fees and costs [in] connection with enforcing the Rule 11 Agreement, attendance at the hearing regarding the same, and for such further relief to which Defendant may show itself entitled.

The trial court held a hearing on these issues on August 15, 2011. At the hearing, Rio Grande gave the trial court a brief summary of the foregoing issues and asked the court to "reverse its decision [denying arbitration], order the arbitration, and appoint [a] local arbitrator." Rio Grande further contended that the Rule 11 Agreement was invalid. In response, Directory Assistants stated that Rio Grande was "using this opportunity of Mr. Smith recusing himself to [renege] on several other terms of the Rule 11 Agreement that we had agreed upon," and that "the only real issue here is venue." Subsequent comments by counsel for Directory Assistants address the payment of arbitration fees and other terms of the Rule 11 Agreement. Counsel for Directory Assistants further informed the Court:

If the Court is inclined to appoint an arbitrator in McAllen, we'd certainly like input as to that.

. . . .

We are in agreement that an arbitrator should be appointed in this case; the question is, who and where? And—and our position is that to the extent that an arbitrator is appointed, this arbitration should take place pursuant to the Rule 11 Agreement [that] the parties have already agreed to . . . .

7

The trial court and counsel for both parties then engaged in a colloquy in which they each offered potential arbitrators. Directory Assistants, for instance, suggested three different local arbitrators. The parties argued about the validity of the Rule 11 Agreement based on an alleged revocation of the agreement by Rio Grande before Directory Assistants filed the agreement as part of the record. Finally, the trial court informed the parties that he was appointing the Honorable Veronica Gonzalez as arbitrator in this case. After this oral ruling, Directory Assistants asked the Court for a ruling on its motion to enforce the Rule 11 Agreement on grounds that the parties had not "agreed to anything with respect to the Rule 11 Agreement other than that we would arbitrate" and the agreement contained "several terms." The trial court stated that "being that the Rule 11 Agreement was specific to Mr. Robert Smith and that he's no longer in the case, I'm going to not enforce the Rule 11 Agreement and have Veronica Gonzalez take care of it for you." The parties made no objection to this ruling and the hearing concluded.

On September 13, 2011, the trial court entered an order (1) revoking its previous order denying Directory Assistant's motion to compel arbitration, (2) compelling arbitration, (3) appointing an arbitrator, and (4) denying Directory Assistant's motion to enforce the Rule 11 Agreement. Specifically, the trial court ordered the parties to "conduct binding arbitration in Hidalgo County, Texas, within the thirty (30) days of the date of this Order before the Honorable Veronica Gonzales as arbitrator."

This original proceeding ensued. In its petition for writ of mandamus, Directory Assistants contends that: (1) because the Rule 11 Agreement is valid, the trial court has a duty to enforce it; (2) the trial court had no authority to appoint a substitute

8

arbitrator; and (3) mandamus relief is necessary to compel the trial court to withdraw its order naming a substitute arbitrator. The Court requested and received a response to the petition for writ of mandamus from Rio Grande. Rio Grande contends that the trial court did not abuse its discretion in appointing an arbitrator because the Rule 11 Agreement did not specify a method to replace Smith following his recusal, and, in the alternative, the trial court had authority under arbitration law to appoint a substitute.

## II. STANDARD OF REVIEW

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). This burden is a heavy one. *See In re Epic Holdings, Inc.*, 985 S.W.2d 41 (Tex. 1998) (orig. proceeding).

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., LP*, 164 S.W.3d 379, 382 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Appeal is an inadequate remedy when a trial court improperly designates an arbitrator. *See In re Serv. Corp. Int'l*, No. 10-0155, 2011 Tex. LEXIS 935, at *3 (Tex. Dec. 16, 2011) (orig. proceeding) (publication status pending); *CMH Homes v. Perez*, 340 S.W.3d 444, 452 (Tex. 2011); *In re La. Pac. Corp.*, 972 S.W.2d 63, 65 (Tex. 1998) (orig. proceeding); *see also In re D. Wilson Constr. Co.*, 196

S.W.3d 774, 780 (Tex. 2006) (orig. proceeding) (holding that mandamus is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal, as when a party is erroneously denied its contracted-for arbitration rights under the FAA); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (granting mandamus relief where a party "would be deprived of the benefits of the arbitration clause it contracted for, and the purpose of providing a rapid, inexpensive alternative to traditional litigation would be defeated").

### III. ANALYSIS

Directory Assistants contends that the parties entered into a valid Rule 11 agreement that provided for the use of the arbitration procedures defined in the contract and asserts that the trial court "lacked any basis for refusing to enforce the parties' agreement and instead naming a substitute arbitrator." Directory Assistants requests that we direct the trial court to withdraw its order naming a substitute arbitrator and to allow the parties to select their own substitute arbitrator and, if they are unable to agree, to allow Directory Assistants to name the substitute arbitrator in accordance with the contract and the Rule 11 agreement.

Rio Grande requested appointment of an arbitrator under section 5 of the Federal Arbitration Act. Section 5 of the FAA explicitly permits a trial court to appoint an arbitrator under certain circumstances. 9 U.S.C. § 5; *see CMH Homes v. Perez*, 340 S.W.3d 444, 449 (Tex. 2011); *compare* TEX. CIV. PRAC. & REM. CODE ANN. § 171.041 (West 2011) (allowing a court to appoint an arbitrator if (1) the agreement to arbitrate does not specify a method of appointment; (2) the agreed method fails or cannot be

10

followed; or (3) an appointed arbitrator fails or is unable to act and a successor has not been appointed).  Section 5 of the FAA provides:

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein . . . .

9 U.S.C. § 5.  Thus, if the arbitration agreement specifies a method for selecting an arbitrator, the parties must follow that method.  *Id.*; *see CMH Homes,* 340 S.W.3d at 449.  However, if the agreed-upon method breaks down and there is a lapse in appointing an arbitrator, the parties may petition the trial court to appoint an arbitrator. 9 U.S.C. § 5; *see CMH Homes,* 340 S.W.3d at 449; *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 757 (Tex. 2001) (orig. proceeding) (stating that the FAA permits the trial court to choose an alternate set of arbitrators).

The trial court is permitted to appoint an arbitrator only if one or both of the parties "fail[s] to avail" itself of the agreed-upon arbitrator selection method, or there is a "lapse" in the selection of an arbitrator.  9 U.S.C. § 5; *see In re Serv. Corp. Int'l*, 2011 Tex. LEXIS 935, at **4–6.  The section 5 substitution process triggered by the "fail to avail" and "lapse" language of the FAA should be invoked by the trial court when there is some "mechanical breakdown in the arbitrator selection process" or "one of the parties refuses to comply, thereby delaying arbitration indefinitely." *In re La. Pac. Corp.*, 972 S.W.2d at 64–65 (citing *In re Salomon Inc.*, 68 F.3d 554, 560 (2d Cir. 1995)); *see In re Serv. Corp. Int'l*, 2011 Tex. LEXIS 935, at **4–6*; Royce Homes, L.P. v. Bates*, 315

11

S.W.3d 77, 89 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ("Here, the trial court did not abuse its discretion by appointing an arbitrator because the record reflects that there was a mechanical breakdown in the process of appointing CAS as arbitrator."); *In re Brock Specialty Servs., Ltd.*, 286 S.W.3d 649, 656 (Tex. App.—Corpus Christi 2009, orig. proceeding) (applying section 5 of the FAA to allow the trial court to choose an alternate arbitrator where the arbitrator specified by contract was no longer in existence). When a contract provides consensual methods for appointment of an arbitrator, the court must allow the parties sufficient time to utilize the contractual method before intervening to appoint an arbitrator. *See In re Serv. Corp. Int'l*, 2011 Tex. LEXIS 935, at *8.

In the instant case, the contract signed by Directory Assistants and Rio Grande provided that they "agree to try to mutually choose the arbitration service, the location[,] and which state's law will govern," but if they are "unable to come to a mutual agreement," or if one of the parties "refuses to participate in choosing," the party seeking arbitration "will have the right to make the choices unilaterally, as long as [that] party has made a good faith attempt to come to a mutual agreement." The contract further specifies that the non-filing party "expressly consents to and waives any and all objections to the choices made." The Rule 11 Agreement at issue essentially ratified the dispute resolution procedures referenced in the contract.

Thus, because the arbitration agreement specified a method for selecting an arbitrator, the trial court was permitted to appoint an arbitrator only if one or both of the parties "fail[ed] to avail" itself of the agreed-upon arbitrator selection method, or there

12

was a "lapse" in the selection of an arbitrator. 9 U.S.C. § 5; *see CMH Homes,* 340 S.W.3d at 449; *In re Serv. Corp. Int'l*, 2011 Tex. LEXIS 935, at **4–6.

We conclude, based on the specific factual and procedural posture of the case as presented to this Court, that the trial court was permitted to appoint an arbitrator. By written motion, Directory Assistants informed the Court that "to the extent [Rio Grande] asks the Court to appoint an arbitrator, [Directory Assistants] requests that an arbitrator be appointed in Dallas, Texas, consistent with the letter and spirit of the parties' Rule 11 Agreement." At the hearing on these issues, Directory Assistants stated that it was "in agreement that an arbitrator should be appointed in this case" and that if the trial court was "inclined to appoint an arbitrator in McAllen" that Directory Assistants would "certainly like input as to that." In short, Directory Assistants asked the trial court to appoint an arbitrator in this case and thus failed to avail itself of the agreed-upon arbitrator selection method. Accordingly, the trial court did not abuse its discretion in appointing an arbitrator. 9 U.S.C. § 5; *see CMH Homes,* 340 S.W.3d at 449; *In re Serv. Corp. Int'l*, 2011 Tex. LEXIS 935, at **4–6.

Our determination herein is buttressed by the fundamental principles underlying mandamus relief. As a general rule, mandamus will not issue to compel an action that has not first been demanded and refused. *See In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding); *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991) (orig. proceeding); *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 556 (Tex. 1990) (orig. proceeding).[5] Moreover, equity is generally not served by issuing an extraordinary writ against a trial court judge on a ground that was never presented in the trial court and

---

[5] An exception to this "demand and refusal" requirement arises if demand would be futile. *See In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding); *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991) (orig. proceeding); however, the record before us fails to implicate this doctrine.

13

that the trial judge thus had no opportunity to address. *See In re Michele Le*, 335 S.W.3d 808, 814 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding).

Although Directory Assistants requested the trial court to enforce the Rule 11 Agreement, the Rule 11 Agreement broadly addressed the validity and enforceability of the arbitration agreement and did not reference Directory Assistants' right under the arbitration agreement to select an arbitrator. In short, Directory Assistants never informed the trial court that it was invoking its contractual right to unilaterally select an arbitrator and it never requested the trial court to enforce that right. Instead, and inconsistently, Directory Assistants requested the trial court to appoint an arbitrator. The trial court was not presented with Directory Assistants' contention that it had the unilateral right to select the arbitrator and the trial court thus had no opportunity to address it. *See id.; see also* TEX. R. APP. P. 33.1.

## IV. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus and the response thereto, is of the opinion that relator has not shown itself entitled to the relief sought. Accordingly, the stay previously imposed by this Court is LIFTED. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). The petition for writ of mandamus is DENIED. *See id.* 52.8(a).

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 29th
day of February, 2012.

14