

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-16-00173-CV

_____

IN RE TODD HATTER, RELATOR

___

Original Proceeding

Arising Out of Proceedings before the 181st District Court
In and For Randall County, Texas

Trial Court No. 68,728-B; Honorable J. Blair Cherry, Jr., Presiding[1]

___

April 19, 2016

## MEMORANDUM OPINION
## ON PETITION FOR WRIT OF MANDAMUS

Before QUINN, C.J. and CAMPBELL and PIRTLE, JJ.

By this original proceeding, Relator, Todd Hatter, seeks a writ of mandamus to compel the Honorable J. Blair Cherry, Jr. to refer the underlying divorce proceeding to arbitration as required by a premarital agreement. By a sole issue, Hatter asserts the trial court abused its discretion in not referring the underlying divorce proceeding to arbitration as required by the premarital agreement, which the trial court found

---

[1] Honorable J. Blair Cherry, Jr., retired and sitting by assignment.

enforceable except for Article 2. For the reasons expressed herein, we deny the requested relief.

BACKGROUND

In December 2008, Hatter and his soon-to-be-wife signed a premarital agreement. As relevant to this proceeding, the agreement provides in paragraph 17.1 as follows:

> The parties agree to submit to binding arbitration any dispute or controversy regarding the validity, interpretation, or enforceability of this agreement, as well as issues involving its enforcement in connection with a dissolution proceeding between the parties. Each party expressly waives any right to trial by a court or trial by jury . . . .

The parties eventually married and are now involved in divorce proceedings. According to the limited documents filed here, a jury trial was set for Monday, April 18, 2016, at 9:00 a.m. On Friday, April 15, 2016, at 4:10 p.m., Hatter filed his *Motion for Temporary Relief* and *Petition for Writ of Mandamus*.

By his request for temporary relief, Hatter requested a stay of the jury trial until such time as this court could determine whether the divorce must be submitted to arbitration. That request was denied on April 15, 2016.

STANDARD OF REVIEW

Mandamus will issue to correct a clear abuse of discretion when there is no adequate remedy at law. *In re Serv. Corp. Int'l*, 355 S.W.3d 655, 658 (Tex. 2011); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004). To show entitlement to mandamus relief, a relator must satisfy three requirements: (1) a legal duty to perform a non-discretionary act; (2) a demand for performance; and (3) a refusal to act. *O'Connor*

*v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1988); *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

ANALYSIS

This court recognizes that the main purpose of arbitration is to provide a rapid, less expensive alternative to litigation. *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex. 1995). However, in a mandamus proceeding, a relator must present a sufficient record showing entitlement to relief and fully comply with the requirements of Rule 52.3 of the Texas Rules of Appellate Procedure. This Hatter did not do.

Essential in availing oneself of the remedy of mandamus is the requirement of a certified or sworn copy of the complained-of order or any other document showing the matter complained of. TEX. R. APP. P. 52.3(k)(1)(A). The limited record before us does not include a request to refer the underlying divorce proceeding to arbitration or an order from the trial court denying that request. Additionally, although Hatter asserts that the premarital agreement was found to be enforceable *sans* Article 2, there is nothing in the record to support that assertion. Based on the record before us, there is nothing to demonstrate that Hatter made a demand of the trial court and that the trial court refused that demand. Ergo, we cannot conclude whether the trial court abused its discretion.

CONCLUSION

Hatter's petition for writ of mandamus is denied.

Per Curiam