**Reverse and Rendered and Opinion Filed February 26, 2021**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00083-CV

**SEAN GHARAVI, Appellant**

**V.**

**BEHROOZ KHADEMAZAD, D/B/A GRAND PRAIRIE FAMILY DENTAL,**
**Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-00241**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Nowell
Opinion by Justice Molberg

Sean Gharavi appeals from a judgment of the trial court following a bench

trial that awarded Behrooz Khademazad monetary damages in his libel, libel per se,

business disparagement and negligence suit against Gharavi. Because we conclude

Khademazad released his claims against Gharavi, we reverse the trial court's

judgment and render judgment that Khademazad take nothing.

BACKGROUND

Khademazad hired Gharavi's company, Aidris, Inc., to develop an online

marketing strategy to promote Khademazad's dental business. When Khademazad

failed to pay for the services, Aidris instituted arbitration proceedings to recover what it was owed. The arbitrator found in Aidris's favor. Khademazad refused to voluntarily pay the arbitration award. The award was thereafter reduced to a judgment in Tarrant County. Khademazad refused to pay the trial court judgment. Some seven months later, Gharavi, in his frustration over the judgment having not been paid, posted the following Yelp review on Khademazad's dental practice site:

> This is a review for the Grand Prairie Family Dental and Dr. Khademazad. Dr. Khademazad is not to be trusted. Grand Prairie Family Dental and Dr. Khademazad refused to pay money owed since 10/2010. Even after winning a major court judg[]ment in 06/16, we still have[] not received a penny of what is owed. Grand Prairie Family Dental and Dr. Khademazad can't even be trusted with a court order!! Why would you trust him with your health?!

The review was removed by Yelp several months later and there is no evidence that anyone other than Yelp personnel and the parties viewed the post.

After another series of months with the judgment still unpaid, Aidris filed an application for turnover and receivership. A short time later, Khademazad's attorney initiated settlement negotiations by sending an email to Aidris's lawyer containing the following language:

> [M]y offer is based on Dr. Khademazad's ability to pay the judgment versus simply filing bankruptcy and starting all over. His ex-wife has already taken him to the cleaners and thus, filing bankruptcy and starting all over can be rather appealing if his back is pushed against the wall. *And then, there are the defamation claims arising from the Yelp posting which adversely affected Dr. Khademazad's practice as well as his reputation. Under Defamation Per Se, Dr. Khademazad does not have to plead and prove special damages and can recover general damages including loss of reputation and mental anguish.* [Emphasis added.]

Thereafter, the parties entered into a settlement agreement of Aidris's claims against Khademazad.  Paragraph 4.B. of the agreement contains a broad-form mutual release of claims.  It provides, in part:

> For and in consideration of the execution of this Mutual Release, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, [Khademazad] hereby releases, acquits and forever discharge[s] [Aidris], its agents, servants, employees, attorneys and all persons, natural or corporate, in privity with [Aidris], for *any and all claims or causes of action of any kind* whatsoever at common law, statutory, or otherwise which [Khademazad] has or might have, known or unknown, now existing or that might arise hereafter, *directly or indirectly attributable to the transaction or occurrences made the basis of this lawsuit*, it being intended to release all claims of any kind which [Khademazad] might have against those hereby released, regarding the events which are the subject of this lawsuit, whether asserted in the above captioned suit or not. This release shall not act to prevent enforcement of this agreement in the event of default. [Emphasis added.]

Less than two months after signing the agreement, Khademazad sued Gharavi for libel, libel per se, business disparagement, and negligence.  All these claims were based on the single Yelp post in which Gharavi voiced frustration over the unpaid judgment.  Gharavi moved for summary judgment on various grounds.  Among them was Gharavi's contention that the release barred Khademazad's claims.  The motion went undecided and a one-day bench trial followed.  Thereafter, the trial judge entered a judgment for Khademazad on all of his claims, awarding Khademazad monetary damages of approximately $1.2 million.  Gharavi timely appealed and presents six issues.  In his first issue, Gharavi argues that Khademazad's claims in

this case were extinguished as a result of the release contained in the settlement agreement between Aidris and Khademazad.

DISCUSSION

A settlement agreement is subject to the rules of construction applicable to contracts generally. *Naik v. Naik*, 438 S.W.3d 166, 174 (Tex. App.—Dallas 2014, no pet.) We review questions of contract interpretation de novo. *Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 479 (Tex. 2019). "If we determine that the contract's language can be given a certain or definite legal meaning or interpretation, then the contract is not ambiguous and we will construe it as a matter of law." *El Paso Field Servs., L.P. v. MasTec N. Am., Inc.*, 389 S.W.3d 802, 806 (Tex. 2012) (citation omitted).[1] When construing a contract, "our primary concern is to ascertain and give effect to the intent of the parties as expressed in the contract." *In re Serv. Corp. Int'l,* 355 S.W.3d 655, 661 (Tex. 2011) (orig. proceeding) (per curiam). To discern the parties' intent, we examine the contract as a whole in light of the facts and circumstances present when the contract was entered. *See Americo Life, Inc. v. Myer,* 440 S.W.3d 18, 21–22 (Tex. 2014).

Ordinarily, for claims to be extinguished through a release, those claims must be mentioned or clearly within the subject matter of the release. *See Victoria Bank & Trust Co. v. Brady*, 811 S.W.2d 931, 938 (Tex. 1991); *Thomas v. Verveba*

---

[1] Neither party argues that the contractual provisions here are ambiguous and nor do we.

–4–

*Telecom, LLC*, No. 05-16-00123-CV, 2017 WL 1192793, at \*3 (Tex. App.—Dallas Mar. 31, 2017, no pet.) (mem. op.). However, this does not require that the parties identify each potential cause of action subject to release. *Keck, Mahin & Cate v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 20 S.W.3d 692, 698 (Tex. 2000).

Here, Khademazad agreed to release all claims "directly or indirectly attributable to the transaction or occurrences made the basis of this lawsuit," namely Khademazad's failure to pay for services Aidris provided and the resulting lawsuit. The benefit of the release extends to Aidris's "agents, servants, employees, attorneys and all persons, natural or corporate, in privity with [Aidris]," and the parties agree that Gharavi is an agent of Aidris. Without question, the Yelp review was, if not directly, then indirectly attributable to Khademazad's failure to pay for Aidris's services and the lawsuit that followed.[2] Khademazad's claims here are clearly within the subject matter of the release. Moreover, the libel, disparagement, and negligence claims asserted against Gharavi were specifically contemplated by the parties during their negotiations to resolve Aidris's claims against Khademazad.

We sustain Gharavi's first issue. In these circumstances, we need not reach Gharavi's remaining issues.

---

[2] The Yelp review mentions both the non-payment and the lawsuit.

CONCLUSION

We conclude that Khademazad's claims against Gharavi are barred by the release. We reverse the trial court's judgment and render judgment that Khademazad take nothing.

/Ken Molberg/
KEN MOLBERG
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SEAN GHARAVI, Appellant

No. 05-20-00083-CV          V.

BEHROOZ KHADEMAZAD,
D/B/A GRAND PRAIRIE FAMILY
DENTAL, Appellee

On Appeal from the 101st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-00241.
Opinion delivered by Justice
Molberg. Justices Reichek and
Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that appellee take nothing.

It is **ORDERED** that appellant SEAN GHARAVI recover his costs of this appeal from appellee BEHROOZ KHADEMAZAD, D/B/A GRAND PRAIRIE FAMILY DENTAL.

Judgment entered this 26th day of February, 2021.