In re NATIONAL HEALTH INSURANCE COMPANY, Relator.

No. 12–02–00205–CV.

Court of Appeals of Texas, Tyler.

Oct. 23, 2002.

Coy Johnson, Sulphur Springs, Deborah J. Race, Ireland, Carroll and Kelley, P.C., Tyler, for Frieda Beezley.

Christopher A. Neal, Bedford, for National Health Insurance Company.

R. Scott McDowell, pro se.

Panel consisted of GOHMERT, JR., C.J., WORTHEN, J., and GRIFFITH, J.

JIM WORTHEN, Justice.

National Health Insurance Company ("NHIC") brings this petition for writ of mandamus complaining of an order appointing an arbitrator. We conditionally grant the writ.

### BACKGROUND

NHIC issued a health insurance policy ("the policy") to Frieda Beezley ("Beezley"). Beezley submitted certain claims to NHIC for medical expenses, which were denied, and Beezley filed suit. The policy contains an arbitration provision, which provides, in part, as follows:

> Any dispute regarding claims processing or administration that has not been resolved after the procedures described in the "Claims Appeal" Section of Part II.N. of this certificate have been followed, shall be resolved through arbitration. Such Arbitration shall be administered under the rules of the American Arbitration Association (AAA). One (1) arbitrator shall decide the dispute, unless all parties agree to have three (3) arbitrators. Unless otherwise agreed

> by all parties, any arbitrator must be a licensed attorney who has practiced life, health and accident insurance law for at least five (5) years. Unless otherwise agreed by all parties, the arbitrator(s) shall be appointed from a list of qualified persons provided by AAA.... The Federal Arbitration Act shall govern the arbitration....

NHIC filed a motion to compel arbitration and abate the proceedings pending arbitration.

On November 9, 2001, the trial court conducted a hearing on NHIC's motion.[1] At the hearing, Beezley's counsel informed the trial court that he had filed a motion for mediation and stated his personal belief that "mediation is better than arbitration in any situation and this case has not been mediated yet." Counsel then asked the trial court to order the case to mediation before considering arbitration. NHIC argued that because it had demonstrated that the policy contains an arbitration provision, the burden shifted to Beezley to show that the arbitration provision did not apply. In response, Beezley's counsel proposed a compromise whereby Beezley would submit to arbitration if the trial court appointed the arbitrator.

The trial judge stated that he did not see any provision in the policy that prohibits a court from appointing the arbitrator. At the conclusion of the hearing, the judge informed counsel that his preference was to appoint an arbitrator and that if the parties could agree to that, he would "just appoint who I think will be fair and do the best job. But if AAA will submit me a list I'll look at that and see if I know any of them or see who it is and go from there." He also urged counsel to submit additional

---

1. NHIC's motion was filed on June 21, 1999. However, the trial court declined to rule on the motion because Beezley had instituted

bankruptcy proceedings. The hearing on the motion was conducted after the conclusion of those proceedings.

support for their respective arguments. NHIC subsequently furnished the trial court additional written argument and authorities and a copy of the American Arbitration Association (the "AAA") rules. NHIC also informed the trial court that, pursuant to AAA procedure, a list of arbitrators would not be provided until one of the parties sent a notice of a request to arbitrate.

On November 27, 2001, the trial court sent a letter notifying the parties that it was ordering arbitration and appointing an arbitrator. NHIC received the curriculum vitae of the arbitrator selected by the court, which indicates that the arbitrator practiced law for twenty-two years but does not describe his areas of practice. On December 4, the trial court signed a written order. NHIC filed objections to the arbitrator and asked the trial court to reconsider the appointment. Specifically, NHIC requested that, in accordance with the arbitration provision, "any arbitrator selected by this Court have at least five (5) years practice in life, health and accident insurance law, and be chosen from a list of qualified arbitrators selected by the American Arbitration Association." NHIC also requested an opportunity to adequately address the trial court concerning the mechanics of choosing an arbitrator.

The trial court conducted a hearing on January 11, 2002 and denied NHIC's motion. After the trial court announced its ruling, counsel for NHIC again asserted that the appointed arbitrator does not meet the qualifications stated in the arbitration provision and asked the court to specify its reasoning for denying the motion to reconsider. The trial court stated that (1) there is a lack of bargaining power between the two parties in regard to arbitration contracts; (2) the arbitrator appointed by the court has practiced law for thirty-five years, "has probably tried more

arson cases and more fire cases than anybody within … this jurisdiction," and has arbitrated many cases; and (3) the court and the parties should have "some say" in who the arbitrator is. NHIC restated its objections to the appointed arbitrator and its intention to object to any arbitrator not on the AAA's approved list. The trial court informed NHIC that "there are many many objections from litigants about the AIA or whatever the organization is. It's too expensive. It's too cumbersome and there's too close a connection with the insurance companies that pay most of their bills."

On February 8, 2002, the trial court signed an order denying NHIC's motion to reconsider. On August 1, 2002, NHIC filed its petition for writ of mandamus asking this court to order the trial court to rescind and/or vacate the portion of the December 4, 2001 order appointing the arbitrator and instead permitting the parties to use the appointment process provided in the arbitration provision.

### AVAILABILITY OF MANDAMUS

Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by appeal. *In re Daisy Mfg. Co.,* 17 S.W.3d 654, 658 (Tex.2000) (orig.proceeding). The arbitration provision in this case is governed by the Federal Arbitration Act. Therefore, mandamus is the appropriate method of enforcement. *In re Louisiana Pacific Corp.,* 972 S.W.2d 63, 65 (Tex.1998) (citing *Freis v. Canales,* 877 S.W.2d 283, 284 (Tex.1994) and *Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 272 (Tex.1992)). Consequently, our only question is whether the trial court abused its discretion in appointing an arbitrator.

A trial court clearly abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and

prejudicial error of law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (citing *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985)). A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker*, 827 S.W.2d at 840. Consequently, a clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion. *Id.*

### DELAY IN FILING PETITION

■ Beezley asserts that NHIC is not entitled to mandamus relief because it did not file its petition until five months after the trial court signed the order denying NHIC's objections to the appointed arbitrator. Because of the delay, Beezley urges us to deny the requested relief without addressing the merits of NHIC's petition.

Several courts have denied mandamus because of unreasonable delay in filing the petition. *E.g.*, *Rivercenter Associates v. Rivera*, 858 S.W.2d 366, 367 (Tex.1993); *International Awards, Inc. v. Medina*, 900 S.W.2d 934, 936 (Tex.App.Amarillo 1995, orig. proceeding); *Furr's Supermarkets, Inc. v. Mulanax*, 897 S.W.2d 442, 443 (Tex. App.El Paso 1995, orig. proceeding). Here, NHIC attributes the delay to its inability to obtain certified copies of court documents to file with its petition as required by rule 52.7 of the Texas Rules of Appellate Procedure. NHIC describes its attempts, both by telephone calls and letters, to obtain the necessary documents from the district clerk and supports its explanation with copies of its letters and an affidavit describing its telephone calls. The materials furnished indicate that NHIC began requesting a copy of the record on February 7, 2002, which was one day before the trial court signed its order denying NHIC's motion to reconsider appointment of the arbitrator. The clerk's certificate shows that the documents furnished were certified on July 3, 2002. NHIC's petition was filed in this court on August 1, 2002. Based upon our review of the materials submitted by NHIC, we conclude that NHIC has satisfactorily explained its delay in seeking mandamus relief. Therefore, we hold that, in this case, delay alone is not a sufficient reason to deny mandamus. We now turn to the merits of NHIC's petition.

### ABUSE OF DISCRETION

■ It is uncontroverted that the arbitration provision before us is binding, the Federal Arbitration Act (the "Act") applies, and the trial court had no discretion to deny NHIC's motion to compel arbitration. However, NHIC asserts that by appointing the arbitrator, the trial court "ignores three clear and unambiguous provisions" contained in the arbitration provision: (1) that arbitration shall be administered under the rules of the AAA; (2) that the arbitrator must have practiced life, health and accident insurance law for at least five years; and (3) that the arbitrator shall be appointed from a list of qualified persons provided by the AAA.

Beezley does not dispute NHIC's claim that the cited language is unambiguous, but first contends that the arbitration provision does not state who is to appoint the arbitrator. Therefore, she concludes, the trial court is authorized to appoint the arbitrator and did not abuse its discretion in doing so. In support of her argument, Beezley relies on the Federal Arbitration Act, which provides that if no method of naming or appointing an arbitrator is provided in the agreement to arbitrate, the court shall, upon the application of a party to the controversy, designate and appoint an arbitrator. 9 U.S.C.A. § 5 (West 1999).

However, Beezley reads the arbitration provision too narrowly.

Beezley correctly states that the provision does not *expressly* set out the procedure for appointing an arbitrator. However, the provision states that arbitration must be "administered under the rules of the American Arbitration Association." Rule R–14 of the AAA rules prescribes the method for appointment of an arbitrator "[i]f the parties have not appointed an arbitrator and have not provided any other method of appointment. . . ." Because the parties agreed that the AAA rules govern the administration of the arbitration, they are bound by the procedure for appointing an arbitrator stated in Rule R–14. *See In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 574 (Tex.1999) (by agreeing to AAA rules, parties placed burden of initiating arbitration on claimant as specified in rules); *In re Nasr*, 50 S.W.3d 23, 27 (Tex.App.Beaumont 2001, orig. proceeding) (same holding as *Oakwood*).

One of the central purposes of the Act is to allow the parties to select their own arbitration panel. *Louisiana Pacific*, 972 S.W.2d at 65. Section 5 of the Act reflects this purpose and states that "[i]f in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method *shall* be followed. . . ." 9 U.S.C.A. § 5 (emphasis added). The arbitration provision before us, by the reference to the AAA rules, includes a method for appointing an arbitrator. Therefore, after compelling arbitration, the trial court should have allowed the selection of an arbitrator in accordance with those rules.

Arbitration is a matter of contract. *Belmont Constructors, Inc. v. Lyondell Petrochemical Co.*, 896 S.W.2d 352, 357 (Tex. App.-Houston [1st Dist.] 1995, no writ). By consent, the parties to an arbitration agreement submit their controversy to arbitrators or judges they have voluntarily chosen "in substitution for the tribunals provided by the ordinary processes of the law." *Tipps*, 842 S.W.2d at 268. Thus, where a party contractually agrees to arbitrate a dispute, it waives its right to recourse in the courts. *D. Wilson Constr. Co. v. McAllen Ind. Sch. Dist.*, 848 S.W.2d 226, 231 (Tex.App.-Corpus Christi 1992, writ dism'd w.o.j.).

Because arbitration is an alternative forum, the Federal Arbitration Act establishes boundaries limiting judicial involvement in the process. Where, under circumstances such as those in the underlying proceeding, a trial court modifies the agreement of the parties concerning the manner in which the arbitrator is to be appointed, it transcends those boundaries. *See* 9 U.S.C.A. § 5. Arbitration agreements are interpreted by applying contract principles. *Belmont*, 896 S.W.2d at 357. A court cannot change such an agreement merely because it or one of the parties comes to dislike its provisions or thinks that something else is needed in it. *See Cross Timbers Oil Co. v. Exxon Corp.*, 22 S.W.3d 24, 27 (Tex.App.Amarillo 2000, no pet.) (applying contract principles to joint operating agreement); *Mewbourne Oil Co. v. Blackburn*, 793 S.W.2d 735, 737 (Tex.App.-Amarillo 1990, orig. proceeding) (parties having agreed upon qualifications of arbitrators, court could not change or prescribe other qualifications).

The trial court concluded that the arbitration provision before it does not prohibit the appointment of an arbitrator by a court. Such a conclusion is contrary to the plain language of the provision when read in conjunction with the AAA rules and, more specifically, with Rule R–14. Therefore, in reaching its conclusion, the trial

court failed to correctly analyze and apply the law.

### CONCLUSION

Based upon our review of the record and applicable law, we hold that the trial court's appointment of an arbitrator constitutes an abuse of discretion.[2] We further hold that mandamus is the appropriate remedy for enforcing the arbitration provision. Therefore, we conditionally grant the writ of mandamus and direct the trial court to vacate the portion of its Order on Defendant's Motion to Compel Arbitration, signed on December 4, 2001, that appoints an arbitrator in the underlying proceeding. We are confident that the trial court will act promptly to modify its order in accordance with this opinion. The writ will issue only if it fails to do so.

*Writ conditionally granted.*

---

2. Because we conclude the trial court had no discretion to appoint the arbitrator, we do not address Beezley's arguments relating to the appointed arbitrator's qualifications and the unavailability of the AAA list of qualified arbitrators.