

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-15-00174-CV

IN RE LENNAR HOMES OF          RELATORS
TEXAS SALES AND MARKETING,
LTD. D/B/A LENNAR HOMES OF
TEXAS; HOME OWNERS
MANAGEMENT ENTERPRISES,
INC. D/B/A HOME OF TEXAS; AND
WARRANTY UNDERWRITERS
INSURANCE COMPANY

------------

ORIGINAL PROCEEDING
TRIAL COURT NO. 14-09627-158

------------

## MEMORANDUM OPINION[1]

------------

The court has considered relators' petition for writ of mandamus and is of

the opinion that relief should be granted regarding mediation and denied

regarding arbitration. The trial court abused its discretion by appointing a

---

[1]*See* Tex. R. App. P. 47.4, 52.8(d).

mediator and assessing mediation costs in a manner not authorized by the parties' contract. The portions of the petition addressing arbitration are not yet ripe.

## Background

### The Parties and Their Agreements

Chess Derrick Dennis Jr. and Jana R. Dennis (the Dennises) entered into a purchase and sale agreement (the Purchase Agreement) with Lennar Homes of Texas Sales and Marketing, Ltd. d/b/a Lennar Homes of Texas (Lennar) to buy their home.

The home carried a ten-year structural warranty (the Warranty). Home Owners Management Enterprises, Inc. d/b/a HOME of Texas (HOME) administered the Warranty. Warranty Underwriters Insurance Company (WUIC) insured the Warranty. We refer to HOME and WUIC collectively as HOME.

### The Underlying Suit

The Dennises, alleging structural defects in their home, sued Lennar and HOME. Lennar and HOME jointly moved to compel mediation and arbitration.

The Purchase Agreement required mediation first and, if that failed, then arbitration. In pertinent part, paragraph 16.1 provided:

> The parties to this Agreement specifically agree that this transaction involves interstate commerce and that any Dispute (as hereinafter defined) shall first be submitted to mediation and, if not settled during mediation, shall thereafter be submitted to binding arbitration as provided by the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.) and not by or in a court of law or equity.

<u>The Mediation Provisions</u>

The Dennises' Purchase Agreement with Lennar required mediation and required using the American Arbitration Association (AAA) for mediation. Specifically, paragraph 16.2 provided, in pertinent part:

> Any and all mediations commenced by any of the parties to this Agreement shall be filed with and administered by the American Arbitration Association or any successor thereto ("AAA") in accordance with the AAA's Home Construction Mediation Procedures in effect on the date of the request. If there are no Home Construction Mediation Procedures currently in effect, then the AAA's Construction Industry Mediation Rules in effect on the date of such request shall be utilized.

The Dennises' Warranty with HOME did not have a mediation clause. However, the Purchase Agreement allowed Lennar to bring HOME in under its mediation provision. Paragraph 16.4 of the Purchase Agreement provided:

> The waiver or invalidity of any portion of this Section shall not affect the validity or enforceability of the remaining portions of this Section. Buyer and Seller further agree (1) that any Dispute involving Seller's affiliates, directors, officers, employees and agents shall also be subject to mediation and arbitration as set forth herein, and shall not be pursued in a court of law or equity; (2) that Seller may, at its sole election, include Seller's contractors, subcontractors and suppliers, as well as any warranty company and insurer as parties in the mediation and arbitration; and (3) that the mediation and arbitration will be limited to the parties specified herein.

The Purchase Agreement further provided that Lennar would pay for one day of mediation and, thereafter, that the Dennises and Lennar would share the mediation fees equally. Specifically, paragraph 16.8.2 provided: "Seller agrees to pay for one (1) day of mediation (mediator fees plus any administrative fees

3

relating to the mediation). Any mediator and associated administrative fees incurred thereafter shall be shared equally by the parties."

<u>The Arbitration Provisions</u>

The Dennises' Purchase Agreement with Lennar also required using AAA for arbitration. The Dennises' Warranty with HOME did not require using AAA for arbitration but did require the Dennises and HOME to agree on the arbitrator. However, as with mediation, the Purchase Agreement allowed Lennar to bring HOME in under its contract for purposes of arbitration.

<u>The Trial Court's Order</u>

The complained-of order provides:

1. Case is ordered to arbitration before Arbitrator _____.

2. Case is to first proceed to mediation with a mediator agreed to by the parties. If the parties cannot agree on a Mediator, the mediator will be <u>L. Dee Shipman.</u>

3. The mediation fee is to be paid by Defendant LENNAR.

4. Defendant LENNAR HOMES OF TEXAS SALES AND MARKETING, LTD, d/b/a LENNAR HOMES OF TEXAS is ordered to pay the cost of arbitration.

5. If the case is not settled at mediation, the Arbitrator is to determine if and in what percentage / monies Plaintiffs are to reimburse LENNAR for the cost of Arbitration.

**The Issues**

Lennar and HOME present three issues:

1. Did the trial court abuse its discretion in failing and refusing to enforce the parties' agreement concerning the selection of a mediator and an arbitrator?

4

2. Did the trial court abuse its discretion in refusing to enforce the parties' agreement concerning the allocation of mediation costs?

3. Did the trial court abuse its discretion in refusing to enforce the parties' agreement concerning the allocation of arbitration costs?

**Discussion**

The Dennises' Preservation and Waiver Arguments

The Dennises assert Lennar and HOME did not preserve error because they failed to object to the trial court's ruling at the hearing. We disagree. Lennar and HOME's motion to compel mediation and arbitration specifically prayed that AAA be appointed for both mediation and arbitration. The trial judge, at the hearing, said he was going to appoint someone other than AAA. The order did not designate AAA. We hold that was an adverse ruling. *See* Tex. R. App. P. 33.1(a)(2)(A) (requiring either express or implicit ruling). To the extent the Dennises argue that Lennar and HOME had to object to an adverse ruling, rule 33.1(c) specifically states that a formal exception to a trial court's ruling is not required to preserve a complaint. Tex. R. App. P. 33.1(c). We hold that Lennar and HOME preserved their complaints.

The Dennises also argue Lennar and HOME waived their complaints because counsel for Lennar and HOME, after the trial court ruled, then cooperated with the trial court and opposing counsel on the appointment of someone other than AAA. Lennar and HOME's counsel said, "We could probably agree [on a mediator]. If not, a list tomorrow is not a problem." We

5

disagree. Waiver is ordinarily a question of fact, but when the surrounding facts and circumstances are undisputed, the question becomes one of law. *Jernigan v. Langley*, 111 S.W.3d 153, 156–57 (Tex. 2003). An implied waiver must be clearly shown by the surrounding facts and circumstances. *Id.* at 156. Lennar and HOME had already filed a motion to have, among other requests, AAA appointed as mediator; they had already had a contested hearing on their motion; and the trial court had already ruled adversely to their request. In the context of the surrounding facts and circumstances, counsel's comments— coming only moments after the adverse ruling—were attempts to comply with the trial court's ruling without necessarily agreeing to the ruling itself. There was no express waiver. The surrounding facts and circumstances must clearly show an implied waiver. *Id.* The surrounding facts and circumstances here do not. *See id.* We hold Lennar and HOME did not waive their complaints.

Mandamus Standard of Review

"To show itself entitled to mandamus, a relator must show that (1) the trial court clearly abused its discretion, and (2) the relator has no adequate remedy by appeal." *Austin Commercial Contractors, L.P. v. Carter & Burgess, Inc.*, 347 S.W.3d 897, 901 (Tex. App.—Dallas 2011, pet. denied) (citing *In re Gulf Exploration, LLC*, 289 S.W.3d 836, 842 (Tex. 2009) (orig. proceeding)). Mandamus will not issue where there is "a clear and adequate remedy at law, such as a normal appeal." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)

6

(orig. proceeding); *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984) (orig. proceeding).

"A trial court clearly abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *In re Nat'l Health Ins. Co.*, 109 S.W.3d 552, 554–55 (Tex. App.—Tyler 2002, orig. proceeding) (quoting *Packer*, 827 S.W.2d at 839). "A trial court has no discretion in determining what the law is or applying the law to the facts." *Id.* at 555. "Consequently, a clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion." *Id.*

### Discussion Regarding Arbitration Rulings

The arbitration complaints are not ripe until after mediation fails. If mediation succeeds, the arbitration complaints are moot. Any resolution now would be advisory. *See In re Fort Worth Star-Telegram*, 441 S.W.3d 847, 857–58 (Tex. App.—Fort Worth 2014, orig. proceeding). Additionally, the trial court's order left blank the identity of the arbitrator. For that reason too, any complaints as to the selection or cost of an arbitrator are premature. The portion of Lennar and HOME's first issue regarding the selection of an arbitrator and their third issue regarding the allocation of arbitration costs are, therefore, overruled as not ripe.

### Discussion Regarding Mediation Rulings

At trial, the Dennises filed a response objecting to AAA. "Plaintiffs object to the AAA [because it] has a conflict of interest, is incompetent, is biased, and

7

fails to provide fair and appropriate arbitration panels. Additionally, the AAA requires payment of excessive fees before arbitration will be scheduled." The Dennises then went on for numerous pages identifying instances where its counsel had either threatened to sue or had sued AAA and other instances where courts had removed AAA. However, the Dennises did not point to any malfeasance in this case. Additionally, the Dennises' response was limited to appointing AAA as an arbitrator, not as a mediator.

A trial court has no discretion to modify or contravene specified rules set out in a contract. *See Nat'l Health Ins. Co.*, 109 S.W.3d at 556. Courts do not rewrite contracts. *See Gamma Grp., Inc. v. Transatlantic Reinsurance Co.*, 242 S.W.3d 203, 212 (Tex. App.—Dallas 2007, pet. denied). "No adequate remedy by appeal exists when a trial court erroneously appoints an arbitrator . . . ." *In re Serv. Corp. Int'l*, 355 S.W.3d 655, 658 (Tex. 2011) (orig. proceeding); *see CMH Homes v. Perez*, 340 S.W.3d 444, 452–54 (Tex. 2011) (holding that a trial court's order appointing an arbitrator could be reviewed by mandamus). In *National Health Insurance*, the trial court indicated that other litigants had voiced many objections to AAA because it was too expensive, too cumbersome, and had too many close ties to insurance companies. *Nat'l Health Ins. Co.*, 109 S.W.3d at 554. The court of appeals nevertheless granted mandamus relief and directed the trial court to compel arbitration with AAA. *Id.* at 556–57. "Because the parties agreed that the AAA rules govern the administration of the arbitration, they are bound by the procedure for appointing an arbitrator [in the AAA rules]."

8

*Id.* at 556. "A court cannot change such an agreement merely because it or one of the parties comes to dislike its provisions or thinks that something else is needed in it." *Id.* Although the contractual right before us at this time is the appointment of AAA as mediator instead of the appointment of AAA as arbitrator, the underlying principle that courts are not to rewrite contracts remains the same. *See Gamma Grp, Inc.*, 242 S.W.3d at 212. We hold that the trial court abused its discretion by not complying with paragraph 16.2 of the Purchase Agreement. *See id.* We sustain that portion of Lennar and HOME's first issue.

We turn next to the portion of the trial court order's requiring Lennar to pay the mediation fees addressed in Lennar and HOME's second issue. The Purchase Agreement provided that Lennar was to pay for one day of mediation and thereafter the parties were to share the fees equally. The trial court rewrote the parties' contract. Courts do not make new contracts between the parties; courts must enforce contracts as written. *Royal Indem. Co. v. Marshall*, 388 S.W.2d 176, 181 (Tex. 1965).

Courts have no discretion to modify or contravene specified rules set out in a contract. *See Nat'l Health Ins. Co.*, 109 S.W.3d at 556. Mandamus relief is appropriate where a trial court's order regarding payment of fees can "radically skew the procedural dynamics of the case." *Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 595 (Tex. 1996). Lennar acknowledges "this situation is admittedly less egregious than the fee ruling in *Travelers Indemnity Co.*, [but] it still skews the procedural dynamics of the case and encourages inefficient

litigation behavior." There is no adequate remedy by appeal when a party is erroneously denied its contracted-for rights. *See Austin Commercial Contractors*, 347 S.W.3d at 901. We hold that the trial court abused its discretion by not following the parties' contract and thereby skewed the procedural dynamics of the case in a manner inconsistent with the contract. *See Travelers Indem. Co. of Conn.*, 923 S.W.2d at 595. We sustain Lennar and HOME's second issue.

### Conclusion

Accordingly, without hearing oral argument, we sustain part of Lennar and HOME's first issue and their second issue in its entirety; conditionally grant part of the mandamus relief requested by Lennar and HOME; direct the trial court to vacate its prior order appointing a mediator and ordering Lennar to pay the costs of mediation; and direct the trial court to appoint a mediator in accordance with paragraph 16.2 of the Purchase Agreement and to assess mediation fees in accordance with paragraph 16.8.2 of the Purchase Agreement. We are confident the trial court will comply, and the writ will issue only if it fails to do so. Lennar and HOME's petition is otherwise denied.

Lennar and HOME filed a motion for an emergency stay, which we deny without prejudice.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and SUDDERTH, JJ.

DELIVERED: July 15, 2015