**Opinion issued February 10, 2022**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-21-00585-CV

_____

## IN RE HIGHLAND HOMES-HOUSTON, LLC, Relator

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## MEMORANDUM OPINION

Relator, Highland Homes-Houston, LLC ("Highland"), filed a petition for writ of mandamus challenging the trial court's order appointing an arbitrator and requesting that this Court "compel the trial court to withdraw its . . . [o]rder." In its sole issue, Highland contends that the trial court erred in appointing an arbitrator "not agreed to by the parties and in direct contravention of the governing [a]rbitration [a]greement."

We conditionally grant the petition.[1]

## Background

The underlying proceeding is a residential construction defect case. Real Party in Interest, Ursula McLendon ("McLendon"), entered into a residential sales agreement with Highland in April 2016 (the "Sales Agreement") for the purchase of a home in Fort Bend County, Texas. The Sales Agreement included an arbitration clause (the "Arbitration Clause") that stated in pertinent part:

> **BINDING ARBITRATION: <u>BUYER VOLUNTARILY AND KNOWINGLY WAIVES ANY RIGHT TO A JURY TRIAL.</u> All claims, demands, and disputes that arise between the parties to this Agreement, of whatever nature or kind, including, without limitation, disputes: (1) as to events, representations, or omissions which predate this Agreement; (2) arising out of this Agreement; (3) relative to the construction contemplated by this Agreement; and/or (4) as to repairs or warranty claims arising after the construction is completed, shall, upon the demand of either party, be submitted to binding arbitration before an impartial third party (the "Arbitrator") who renders a specific award.** The parties shall select an Arbitrator by agreement; however, if after good faith attempts the parties are unable to reach an agreement, the dispute may be referred to the American Arbitration Association [("AAA")]. In either instance of an Arbitrator selected by the parties or by the AAA after referral, the arbitration shall be governed by the provisions of the AAA Construction Industry Arbitration Rules (in effect at the time demand for arbitration is made, except as set forth herein) and the Texas Arbitration Act (Tex. Civ. Prac. & Rem. Code § 171.001 et seq.).

---

[1] The underlying case is *Ursula McLendon v. Highland Homes-Houston, LLC*, Cause No. 20-DCV-276771, pending in the 400th District Court of Fort Bend County, Texas, the Honorable Tameika Carter presiding.

On September 15, 2020, McLendon sued Highland for breach of contract, breach of implied warranty, violation of the Deceptive Trade Practices Act, and negligent construction, alleging that "multiple construction defects . . . ha[d] caused significant mold growth" in her home. Highland answered, generally denying the allegations in McLendon's petition and asserting certain defenses. Highland then filed a Motion to Abate Proceedings and Compel Arbitration (the "Motion to Abate and Compel Arbitration"), stating that McLendon and Highland had entered into the Sales Agreement, the Sales Agreement contained the Arbitration Clause, and McLendon's case "should be abated pending an award in [an] arbitration proceeding." Highland attached to the Motion to Abate and Compel Arbitration a copy of the signed Sales Agreement containing the Arbitration Clause that had been initialed by McLendon.

In response to the Motion to Abate and Compel Arbitration, McLendon "d[id] not dispute that [her] case must be resolved in arbitration." Instead, she asserted that she had attempted to work with Highland to "select an arbitrator by agreement." Although McLendon had proposed certain arbitrators, Highland did not agree to any of the arbitrators that McLendon proposed. Thus, McLendon provided the trial court with a list of eleven potential arbitrators. She requested that the court "compel th[e] matter to arbitration" and "appoint one of the [eleven listed] individuals as [an] impartial arbitrator."

3

In its reply to McLendon's response, Highland asserted that McLendon's request for the trial court to appoint an arbitrator violated the Sales Agreement. According to Highland, the Arbitration Clause in the Sales Agreement was "unambiguous regarding . . . the arbitrator selection process[] and the rules applicable to the arbitration." The Arbitration Clause "dictate[d] how an arbitrator [wa]s [to be] appointed" and the trial court could not alter that process.[2]

The trial court held hearings on the Motion to Abate and Compel Arbitration and McLendon's request for the trial court to appoint an arbitrator. At the conclusion of the first hearing, the trial court stated that "the case [wa]s going to arbitration," but it ordered McLendon and Highland to attempt to agree to an arbitrator and instructed the parties to return for another hearing. McLendon and Highland attempted but were unable to agree on an arbitrator by the date of the second hearing. During the second hearing, McLendon asserted that the trial court had the authority to appoint an arbitrator, but Highland disagreed, relying on the Arbitration Clause in the Sales Agreement. According to Highland, either the parties were required to select an arbitrator by agreement or if the parties were unable to reach an agreement, the dispute was to be referred to the AAA for arbitrator selection.

---

[2]     We note that McLendon and Highland filed additional responses, replies, and sur-replies.

4

After the hearings, the trial court signed an order compelling arbitration and appointing as arbitrator, Alison J. Snyder, one of eleven potential arbitrators proposed by McLendon in her response.

## Standard of Review

Mandamus relief is warranted when the trial court abuses its discretion and there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *In re Daisy Mfg. Co.*, 17 S.W.3d 654, 658 (Tex. 2000) (orig. proceeding). When a trial court's appointment of an arbitrator interferes with the contractual rights of the parties, the trial court commits an abuse of discretion for which there is no adequate remedy by appeal. *See In re Serv. Corp. Intern.*, 355 S.W.3d 662, 663–64 (Tex. 2011) (orig. proceeding).

## Arbitration Clause

In its sole issue, Highland argues that the trial court erred in appointing an arbitrator requested by McLendon because the Arbitration Clause in the Sales Agreement "permit[ted] only two . . . methods of selecting an arbitrator" and "neither method permit[ted] [the trial court] to unilaterally appoint an arbitrator" that Highland had not agreed to.

The Arbitration Clause in the Sales Agreement is interpreted like any other contract. *See In re Nat'l Health Ins. Co*., 109 S.W.3d 552, 556 (Tex. App.—Tyler

5

2002, orig. proceeding) ("Arbitration agreements are interpreted by applying contract principles."); *Tenet Healthcare Ltd. v. Cooper*, 960 S.W.2d 386, 388 (Tex. App.—Houston [14th Dist.] 1998, pet. dism'd w.o.j.) ("Arbitration is a creature of contract and a clause requiring arbitration is interpreted under contract principles."). It is well-settled that in interpreting a contract, a court must "ascertain and give effect to the intent of the parties as that intent is expressed in the contract." *Seagull Energy E & P, Inc. v. Eland Energy, Inc.*, 207 S.W.3d 342, 345 (Tex. 2006). In order to discern the parties' intent, a reviewing court must

> examine and consider *the entire writing* in an effort to harmonize and give effect to *all the provisions* of the contract so that none will be rendered meaningless. No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument.

*Id.* (internal quotations omitted) (emphasis in original); *see also Frost Nat'l Bank v. L & F Distribs., Ltd.*, 165 S.W.3d 310, 312 (Tex. 2005) (court must "consider the entire writing" and "analyz[e] the provisions with reference to the whole agreement"). Contract interpretation is a question of law, and in interpreting an unambiguous contract, this Court is not required "to defer to any interpretation afforded by the trial court." *Alamo Cmty. Coll. Dist. v. Browning Constr. Co.*, 131 S.W.3d 146, 155 (Tex. App.—San Antonio 2004, pet. denied).

Here, the pertinent part of the Arbitration Clause in the Sales Agreement states:

**BINDING ARBITRATION: <u>BUYER VOLUNTARILY AND KNOWINGLY WAIVES ANY RIGHT TO A JURY TRIAL.</u> All claims, demands, and disputes that arise between the parties to this Agreement, of whatever nature or kind, including, without limitation, disputes: (1) as to events, representations, or omissions which predate this Agreement; (2) arising out of this Agreement; (3) relative to the construction contemplated by this Agreement; and/or (4) as to repairs or warranty claims arising after the construction is completed, shall, upon the demand of either party, be submitted to binding arbitration before an impartial third party (the "Arbitrator") who renders a specific award.** *The parties shall select an Arbitrator by agreement; however, if after good faith attempts the parties are unable to reach an agreement, the dispute may be referred to the [AAA]. In either instance of an Arbitrator selected by the parties or by the AAA after referral*, the arbitration shall be governed by the provisions of the AAA Construction Industry Arbitration Rules (in effect at the time demand for arbitration is made, except as set forth herein) and the Texas Arbitration Act (Tex. Civ. Prac. & Rem. Code § 171.001 et seq.).

(Second emphasis added.)

In her response to Highland's mandamus petition, McLendon argues that the trial court was authorized to select an arbitrator of its choosing because the Arbitration Clause only states that if she and Highland cannot reach an agreement as to an arbitrator, then "the dispute *may* be referred to" the AAA. (Emphasis added.) If the Arbitration Clause ended there, McLendon's argument might be persuasive.[3] However, the sentence immediately thereafter negates McLendon's

---

[3] Although generally permissive, the use of "may" can be context-dependent. *See G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 525 (Tex. 2015); *Simms v. Lakewood Vill. Prop. Owners Ass'n, Inc.*, 895 S.W.2d 779, 783 (Tex. App.—Corpus Christi–Edinburg 1995, no writ) ("The [dictionary] definitions of the words 'may' and 'shall' are mere general guidelines because they must be read

interpretation. That sentence states: "In either instance of an Arbitrator selected by the parties or *by the AAA after referral*, the arbitration shall be governed by the provisions of the AAA Construction Industry Arbitration Rules . . . and the Texas Arbitration Act . . . ." (Emphasis added.) That language indicates that there are only two options for selecting an arbitrator under the Arbitration Clause: by agreement of the parties or by the AAA.

Taking McLendon's interpretation of the Arbitration Clause to its logical conclusion, the "either instance" language contained in the above-referenced sentence means that neither the AAA's Construction Industry Arbitration Rules nor the Texas Arbitration Act would apply if the trial court appointed the arbitrator. Indeed, there is no language in the Arbitration Clause that identifies the rules or governing statute that applies if the arbitrator is appointed by the trial court. This makes McLendon's interpretation—that the Arbitration Clause specifies which arbitration rules and statute govern *unless* the arbitrator is appointed by the trial court, in which case no rules or statute govern—

in [the] context of the written instrument where they are used to ascertain the true intention of the party or parties."); *cf.* TEX. GOV'T CODE ANN. § 311.016 (providing exception to statutory construction rule construing "may" and "shall" when "the context in which the word or phrase appears necessarily requires a different construction"); *Iliff v. Iliff*, 339 S.W.3d 74, 81 (Tex. 2011) (noting, in construing statutes, "[w]hile the permissive word 'may' imports the exercise of discretion, the court is not vested with unlimited discretion, and is required to exercise a sound and legal discretion within the limits created by the circumstances of a particular case" (internal quotations omitted)).

implausible.[4]  Further, McLendon's interpretation of the Arbitration Clause to allow for judicial appointment of an arbitrator renders the "either instance" sentence surplusage, violating a rule of contract interpretation.  *See Ewing Constr. Co. v. Amerisure Ins. Co.*, 420 S.W.3d 30, 37 (Tex. 2014) ("[I]nterpretations of contracts as a whole are favored so that none of the language in them is rendered surplusage."); *Westwind Expl., Inc. v. Homestate Sav. Ass'n*, 696 S.W.2d 378, 382 (Tex. 1985) (holding construction of letter of credit urged by party was "unreasonable because it would render certain clauses meaningless"); *Red Ball Oxygen Co. v. Sw. R.R. Car Parts Co.*, 523 S.W.3d 288, 292 (Tex. App.—Tyler 2017, no pet.) (explaining trial court's finding that contract did not provide for invoicing of surcharge rendered language regarding surcharges surplusage, "violating a cannon of interpretation").

Given the language of the Arbitration Clause, we conclude that the Arbitration Clause in the Sales Agreement identified two potential ways for an arbitrator to be selected: by an agreement between McLendon and Highland or by the AAA pursuant to its Construction Industry Arbitration Rules.[5]  As such, we hold that the trial court abused its discretion in appointing Alison J. Snyder as the

---

[4]  McLendon concedes that the Texas Arbitration Act governs her case.

[5]  R-14 of the AAA's Construction Industry Arbitration Rules provides a method for selecting an arbitrator "[i]f the parties have not appointed an arbitrator and have not provided any other method of appointment."  *See* AM. ARBITRATION ASS'N, CONSTR. INDUS. ARBITRATION RULES & MEDIATION 20 (eff. July 1, 2015), https://adr.org/sites/default/files/Construction-Rules-Web.pdf.

arbitrator of its choosing and erred to the extent that it found that the AAA's Construction Industry Arbitration Rules did not apply. *See In re M.W.M., Jr.*, 523 S.W.3d 203, 208 (Tex. App.—Dallas 2017, orig. proceeding) ("A trial court abuses its discretion if its orders regarding enforcement of the parties' arbitration agreement contradict the agreement itself.").

We note that the Texas Supreme Court has held that the appointment of an arbitrator by a trial court "instead of [by] following the agreed-upon method of selection outlined in the [parties'] contract" is an abuse of discretion for which there is no adequate remedy by appeal. *See In re Serv. Corp. Intern.*, 355 S.W.3d at 663; *see also In re Serv. Corp. Intern.*, 355 S.W.3d 655, 658 (Tex. 2011) (orig. proceeding) ("No adequate remedy by appeal exists when a trial court erroneously appoints an arbitrator . . . [b]ecause the terms of the contract require the parties to apply to the AAA to appoint an arbitrator upon their failure to agree to an arbitrator . . . ."); *In re M.W.M., Jr.*, 523 S.W.3d at 206 ("Appeal is an inadequate remedy when a trial court improperly designates an arbitrator or otherwise denies a party its contracted-for arbitration rights."). Thus, we hold that Highland has no adequate remedy by appeal.

We sustain Highland's sole issue.

## Conclusion

We conditionally grant the petition for writ of mandamus and direct the trial court to vacate the portion of its July 16, 2021 order appointing Alison J. Snyder as arbitrator. The writ will issue only if the trial court does not comply. The portion of the trial court's July 16, 2021 order compelling the parties to arbitrate remains in place. We life the stay imposed by our November 18, 2021 order. All pending motions are dismissed as moot.

Julie Countiss
Justice

Panel consists of Justices Hightower, Countiss, and Guerra.

11