**Reversed and Rendered and Memorandum Majority and Concurring Opinions filed March 21, 2023.**



In The

# Fourteenth Court of Appeals

### NO. 14-21-00398-CV

## TAYLOR MORRISON OF TEXAS, INC. AND TAYLOR WOODROW COMMUNITIES—LEAGUE CITY, LTD., Appellants

### V.

## MATTHEW GLASS AND MADELINE GLASS, Appellees

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Cause No. 20-CV-0857**

## MEMORANDUM OPINION

Appellants Taylor Morrison of Texas, Inc. and Taylor Woodrow Communities—League City, Ltd. filed this interlocutory appeal from the trial court's order ordering arbitration before an arbitrator other than the Judicial Arbitration and Mediation Services ("JAMS").

Appellees Matthew Glass and Madeline Glass own a home built by appellants. The Glasses sued appellants for breach of the implied warranties of habitability and good workmanship, negligent construction, and violation of the Residential Construction Liability Act ("RCLA").[1] Appellants filed a plea in abatement and moved to compel arbitration under the terms of the Purchase Agreement with the original owners, who were the predecessors-in-interest to the Glasses. The trial court denied the motion to compel arbitration with JAMS, the arbitration service named in the Purchase Agreement, and ordered the parties to arbitrate their claims before an alternative arbitration service or arbitrator.

In a single issue on appeal, appellants argue that the trial court erred by ordering the Glasses' dispute submitted to arbitration before a service or an arbitrator other than the one specified in the Purchase Agreement, and under terms different from those provided in the agreement. We conclude that the trial court abused its discretion by attempting to modify a provision of the agreement. Accordingly, we reverse and render judgment instructing the parties to arbitrate their claims before JAMS, as contemplated in the arbitration agreement.

## I. BACKGROUND

In 2010, appellants entered into a Purchase Agreement with Thomas and Kittee Cart. The Purchase Agreement between appellants and the Carts indicated that the Carts were buying real property with a "residential single-family home to be constructed thereon . . . in accordance with this Purchase Agreement."

---

[1] Appellants correctly argue on appeal that the RCLA itself does not create a cause of action. *See* Tex. Prop. Code Ann. § 27.005 ("This chapter does not create a cause of action or derivative liability or extend a limitations period."); *Vision 20/20, Ltd. v. Cameron Builders, Inc.*, 525 S.W.3d 854, 856 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("The RCLA does not create a cause of action but provides defenses and limitations on damages. The RCLA also sets forth notice provisions.") (internal citations omitted).

Paragraph 11 of the Purchase Agreement was titled "Dispute Resolution – Arbitration" which states:

> ANY AND ALL CLAIMS . . . BY OR BETWEEN THE PARTIES HERETO, ARISING OUT OF OR RELATED TO THIS PURCHASE AGREEMENT, THE PROPERTY, . . . OR ANY TRANSACTION RELATED HERETO, WHETHER SUCH DISPUTE IS BASED ON CONTRACT, TORT, STATUTE, OR EQUITY, INCLUDING WITHOUT LIMITATION, ANY DISPUTE OVER . . . ALLEGATIONS OF LATENT OR PATENT DESIGN OR CONSTRUCTION DEFECTS . . . SHALL BE ARBITRATED PURSUANT TO THE FEDERAL ARBITRATION ACT.

The arbitration provision also included a delegation clause, indicating that any questions regarding the enforceability of the arbitration clause would be determined by an arbitrator:

> . . . ANY DISPUTE CONCERNING THE INTERPRETATION OR THE ENFORCEABILITY OF THIS ARBITRATION AGREEMENT, INCLUDING . . . ANY CHALLENGES TO THE ENFORCEMENT OR THE VALIDITY OF . . . THIS ARBITRATION AGREEMENT, OR THE SCOPE OF ARBITRABLE ISSUES . . . AND ANY DEFENSE RELATING TO THE ENFORCEMENT OF THIS ARBITRATION AGREEMENT . . . SHALL BE DECIDED BY AN ARBITRATOR . . . AND NOT BY A COURT OF LAW.

The Purchase Agreement also provided that JAMS would hear any disputes between the parties:

> . . . SUCH DISPUTE SHALL BE RESOLVED BY AND PURSUANT TO THE ARBITRATION RULES AND PROCEDURES OF THE JUDICIAL ARBITRATION AND MEDIATION SERVICES ("JAMS") . . . IN THE EVENT THAT JAMS IS FOR ANY REASON UNWILLING OR UNABLE TO SERVE AS THE ARBITRATION SERVICE, THE PARTIES SHALL SELECT ANOTHER REPUTABLE ARBITRATON SERVICE.

In 2014, the Glasses bought the home from the Carts. In the Glasses' original petition, which was filed in 2020, they asserted causes of action for breach of implied warranties of habitability and good workmanship, negligent construction, and violation of the RCLA against appellants arising from "design and construction defects and related fraud that have caused excessive moisture, humidity, significant mold growth and mycotoxins causing personal injury and sickness as well as damage to the [Glasses'] home and numerous other properties in their neighborhood." The Glasses further alleged that:

> [appellants] knew of excessive moisture, humidity, significant mold and/or moisture problems that had occurred and were developing in identical and/or similar homes and floorplans as the [Glasses' home]. [Appellees] would not have entered into the Sales Contract [with the Carts] and would not have closed if they had known of the other significant problems in similarly designed houses.

According to the Glasses, after purchasing the home from the Carts, the house "developed excessive moisture, humidity and significant mold growth and mycotoxins resulting from multiple design and construction defects."

Appellants moved to compel arbitration with JAMS pursuant to the Purchase Agreement. Appellants argued that the Purchase Agreement was the source of the Glasses' claims. Appellants argued that the Glasses, even as non-signatories to the Purchase Agreement, should be compelled to arbitrate under the Purchase Agreement based on direct benefit estoppel.

In January 2021, the Glasses filed their first amended petition, which clarified that the Glasses were filing causes of action for "common law breach of implied warranties" and "common law negligent construction." The Glasses advanced two arguments as to why the trial court should deny the motion to compel arbitration. First, they argued that they were non-signatories to the original Purchase Agreement, and that appellants did not meet their burden to prove the

Glasses' claims fell into one of the recognized exceptions to the general rule that a non-signatory cannot be compelled to arbitrate their claims. Second, the Glasses argued that the arbitration agreement is substantively unconscionable because it: (1) imposes an unconscionable "winner takes all" fee splitting that doesn't exist in law; (2) seeks to contract away the ability of the trial court to determine gateway issues; and (3) allows appellants to dictate an arbitral forum that is inaccessible due to prohibitive costs, by imposing unconscionable costs on the losing party.

On April 21, 2021, the trial court conducted a hearing on the motion to compel arbitration. At the hearing, appellants argued that although the Glasses were not signatories to the original Purchase Agreement, they should still be compelled to arbitrate because they relied on, and sought benefits from, the Purchase Agreement. The Glasses reasserted that they did not invoke the Purchase Agreement in their pleadings; instead, their claims were based on common law causes of action, without reference to—or dependence on—the Purchase Agreement.

In June 2021, the trial court issued an order, stating in full:

> Having reviewed the motions, briefings[,] and argument of counsel in a hearing held April 21, 2021, the Court DENIES the [Appellants'] Motion to Compel Arbitration. The Court finds that the arbitration clause cited by [Appellants] contains unconscionable provisions in that it purports to invalidate or waive substantive rights and remedies authorized by statute, is prohibitively expensive and prevents the [Glasses] the opportunity to be made whole.
>
> The Court further finds that the arbitration provision results in the overall costs of arbitration to be excessive compared to litigation in this Court.
>
> The parties are ORDERED to agree to an alternative arbitration service or arbitrator. If the parties are unable to agree, the COURT shall select an arbitrator from a list of three names proposed by each party.

5

Appellants filed this interlocutory appeal. *See* Tex. Civ. Prac. & Rem Code Ann. § 51.016 (permitting appeal under Federal Arbitration Act under same circumstances as appeal from federal district court under 9 U.S.C.A. § 16(a)(1)(B)).

## II.  ANALYSIS

As a threshold matter, we first address whether we have interlocutory appellate jurisdiction to review appellants' appeal.

### A.  INTERLOCUTORY APPEALS

#### 1.  Standard of Review & Applicable Law

The Federal Arbitration Act ("FAA") applies to the arbitration agreement here because the parties expressly agreed to arbitrate under the FAA. *See In re Rubiola*, 334 S.W.3d 220, 223 (Tex. 2011) (orig. proceeding).

Appellate courts may consider appeals from interlocutory orders when a statute explicitly authorizes an appeal. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). Civil Practice and Remedies Code § 51.016, which authorizes appeals in matters subject to the FAA, provides that a party may appeal an interlocutory order "under the same circumstances that an appeal from a federal district court's order or decision would be permitted by 9 U.S.C. Section 16." Tex. Civ. Prac. & Rem. Code § 51.016. Under § 16 of the FAA, a party may immediately appeal a petition to order arbitration to proceed. *See* 9 U.S.C. § 16(a)(1)(B); Tex. Civ. Prac. & Rem. Code Ann. §§ 51.016, 171.098(a)(1); *see also Taylor Morrison of Tex., Inc. v. Skufca*, 650 S.W.3d 660, 672–73 (Tex. App.—Houston [1st Dist.] 2021, no pet.); *In re Helix Energy Sols. Grp., Inc.*, 303 S.W.3d 386, 395 n.7 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding).

When determining whether an order denies a motion to compel arbitration, "[t]he substance and function of the order viewed in the context of the record

6

controls our interlocutory jurisdiction." *Natgasoline LLC v. Refractory Constr. Servs., Co.*, 566 S.W.3d 871, 880 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (quoting *McReynolds v. Elston*, 222 S.W.3d 731, 738 (Tex. App.— Houston [14th Dist.] 2007, no pet.)); *see Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992) (noting that "it is the character and function of an order that determine its classification" for determining jurisdiction over an interlocutory order).

### 2. Application

The parties' dispute focuses on the nature of the trial court's June 2021 order. According to appellants, we have interlocutory appellate jurisdiction because the trial court's order is properly classified as an order denying arbitration. Appellants argue that our court has repeatedly concluded that an order compelling arbitration under terms other than those in the specific agreement is grounds for an interlocutory appeal. In support of their argument, appellants cite to *Natgasoline*, 566 S.W.3d at 880; *Tex. La Fiesta Auto Sales, LLC v. Belk*, 349 S.W.3d 872, 878 (Tex. App.—Houston [14th Dist.] 2011, no pet.); and *McReynolds*, 222 S.W.3d at 738. However, according to the Glasses, we do not have interlocutory jurisdiction because the trial court did not "deny" appellant's motion to compel arbitration, but ordered the parties to arbitration albeit with an alternative arbitrator. In support of their position the Glasses aver that the present case is analogous to *CMH Homes v. Perez*, 340 S.W.3d 444, 449 (Tex. 2011).

In *CMH*, both parties agreed that their contract was governed by the FAA and that they had agreed to submit to arbitration; however, the parties could not agree on an arbitrator. *Id.* at 447. After the parties declared an impasse, the trial court issued an order titled "Order on Plaintiff's Motion to Compel Arbitration," which appointed an arbitrator to preside over the dispute. *Id.* The Supreme Court of

7

Texas concluded that interlocutory appeal was unavailable because the substance of the trial court's order was simply to appoint an arbitrator. *Id.* at 449. However, because the appellant had requested in the alternative that its appeal be treated as a writ of mandamus, the Supreme Court of Texas instructed the court of appeals to consider the issue as a writ of mandamus. *See id.*

When determining whether an order denies a motion to compel arbitration, "[t]he substance and function of the order viewed in the context of the record controls our interlocutory jurisdiction." *Natgasoline*, 566 S.W.3d at 880 (quoting *McReynolds*, 222 S.W.3d at 738). Texas cases have consistently held that both the FAA and Texas Arbitration Act ("TAA") permit interlocutory appellate review of an order that denies a party's right to arbitrate in a specific manner under a specific contract, even if the parties are ultimately compelled to arbitrate. *See Taylor Morrison of Tex., Inc. v. Skufca*, 650 S.W.3d at 675; *Natgasoline*, 566 S.W.3d at 876; *Tex. La Fiesta*, 349 S.W.3d at 878; *McReynolds*, 222 S.W.3d at 738. The trial court's order effectively denied appellants their potential contractual right to have JAMS serve as the arbitrator. Accordingly, we conclude that we have jurisdiction over this interlocutory appeal. *See* 9 U.S.C.A. § 16(a)(1)(B).[2]

---

[2] Even if we were lacking subject-matter jurisdiction over the current appeal, we note that mandamus review would remain available to appellants. *See CMH Homes v. Perez*, 340 S.W.3d 444, 454 (Tex. 2011) ("[M]andamus is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal, as when a party is erroneously denied its contracted-for arbitration rights under the FAA."); *Taylor Morrison of Tex., Inc. v. Skufca*, 650 S.W.3d 660, 676 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (same); *Tex. La Fiesta Auto Sales, LLC v. Belk*, 349 S.W.3d 872, 879 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (same); *Aspen Tech., Inc. v. Shasha*, 253 S.W.3d 857, 861 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding that, even though interlocutory appeal may appear to provide adequate relief, mandamus relief remained available when trial court erroneously denied appellant's request for arbitration under the FAA as provided in a 2006 agreement between it and appellee, and instead ordered arbitration under a 2001 agreement between the parties).

Our resolution of appellants' issue would be the same whether determined in an appeal or in an original proceeding seeking a writ of mandamus.

**B.** **MOTION TO COMPEL ARBITRATION**

Having determined that we have subject-matter jurisdiction, we next address appellants' sole issue on appeal alleging that the trial court erred by ordering arbitration before an arbitrator other than JAMS, as was specified in the agreement.

### 1. Standard of Review & Applicable Law

We review the trial court's denial of a motion to compel arbitration under an abuse of discretion standard. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding); *Branch Law Firm L.L.P. v. Osborn*, 532 S.W.3d 1, 12 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). We defer to the trial court's factual determinations if they are supported by the record; we review the trial court's legal determinations de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d at 643; *Branch Law Firm L.L.P.*, 532 S.W.3d at 12.

Because arbitration is an alternative forum, the FAA establishes boundaries limiting judicial involvement in the process. *In re Nat'l Health Ins. Co.*, 109 S.W.3d 552, 556 (Tex. App.—Tyler 2002, orig. proceeding). When a trial court modifies the agreement of the parties concerning the manner in which the arbitrator is to be appointed, it transcends those boundaries. *Id.*; *see also* 9 U.S.C.A. § 5.

### 2. Analysis

Appellants argue that the trial court erred by ordering the case to be submitted to arbitration in a manner different than that specified in the Purchase Agreement. Moreover, appellants argue that the Purchase Agreement contained a delegation clause, which assigned the resolution of all gateway issues, such as enforceability and the interpretation of terms, to the arbitrator instead of the trial court. Additionally, appellants argue that the Glasses failed to produce evidence

that arbitration with JAMS would be prohibitively expensive.

The Glasses argue that the trial court erred in compelling them to arbitrate their claims because appellants failed to establish the existence of an arbitration agreement between themselves and the Glasses. More specifically, the Glasses argue that they were not parties to the Purchase Agreement and, as non-signatories, they cannot be bound by the arbitration agreement because they do not rely on or seek benefits from the Purchase Agreement. But, appellees have not filed a notice of appeal. *See* Tex. R. App. P. 25.1(c) ("A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal."). The Supreme Court of Texas held that an appellee in the court of appeals who has not filed a notice of appeal may not seek to alter the trial court's judgment in a way that would award the appellee more relief than the trial court granted the appellee in its judgment. *See Lubbock Cnty., Tex. v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 584 (Tex. 2002); *see also Frontier Logistics, L.P. v. Nat'l Prop. Holdings, L.P.*, 417 S.W.3d 656, 666 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). Because appellees have not filed a notice of appeal, they may not seek to alter the trial court's order to award them more relief than the trial court granted in its order. *Frontier Logistics*, 417 S.W.3d at 666. By asserting an issue challenging whether they are bound by the agreement at issue, appellees improperly seek to alter the trial court's order to afford them more relief that the trial court granted.

Therefore, we focus our inquiry on appellants' claim that the trial court erred by failing to compel the parties to submit to arbitration with JAMS. As we noted above, the trial court's order effectively denied appellants their contractual right to have JAMS serve as the arbitrator. The trial court did not completely deny appellant's motion to compel arbitration; instead, the trial court found a portion of the arbitration agreement unconscionable and attempted to modify the agreement

to remedy an "unconscionable provision." However, the trial court abused its discretion in doing so. *See In re Serv. Corp. Int'l*, 355 S.W.3d 662, 663 (Tex. 2011) (orig. proceeding) (per curiam) ("[T]rial court abused its discretion by appointing an arbitrator instead of following the agreed-upon method of selection outlined in the contract."); *see also In re Highland Homes-Houston, LLC*, No. 01-21-00585-CV, 2022 WL 400844, at *4 (Tex. App.—Houston [1st Dist.] Feb. 10, 2022, orig. proceeding) (mem. op.) ("[W]e conclude that the Arbitration Clause . . . identified two potential ways for an arbitrator to be selected: by an agreement between [the parties] or by the AAA . . . . As such, we hold that the trial court abused its discretion in appointing an [arbitrator] of its choosing . . . .").

The primary purpose of the FAA is to require enforcement of arbitration agreements "according to their terms." *In re Serv. Corp. Int'l*, 355 S.W.3d 655, 659 (Tex. 2011) (orig. proceeding) (per curiam) (quoting *Volt Info. Scis. v. Bd. of Trs.*, 489 U.S. 468, 479 (1989)). Because the FAA requires the trial court to follow the arbitrator selection method detailed in the agreement, we first determine the method of appointment required by the agreement.

The agreement in this case provides a dispute "shall be resolved by and pursuant to the arbitration rules and procedures of the Judicial Arbitration and Mediation Services ("JAMS")." The only exception to the use of JAMS as the arbitration service is if "JAMS is for any reason unwilling or unable to serve as the arbitration service[.]" However, there is no evidence that JAMS was "unwilling or unable" to serve as the arbitrator. Because the agreement plainly requires arbitration to be conducted by JAMS unless JAMS is unwilling or unable to serve, the trial court abused its discretion by failing to order the parties to arbitrate their claims before JAMS because that was the agreed-upon primary method of selection as outlined in the arbitration agreement. *See In re Nat'l Health Ins. Co.*,

109 S.W.3d at 556 (trial court has no discretion to modify or contravene specified rules set out in a contract); *see also In re Serv. Corp. Intern.*, 355 S.W.3d at 663.

We sustain appellant's sole issue on appeal.

## V.    CONCLUSION

We reverse the trial court's order with instructions to order the parties to arbitrate their claims before JAMS.

/s/    Margaret "Meg" Poissant
                Justice

Panel consists of Justices Zimmerer, Spain, and Poissant (Spain, J., concurring).